NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 190759-U

NO. 4-19-0759

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
October 8, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Calhoun County |
| TIMOTHY W. LONG, | ) | No. 14CF43 |
| Defendant-Appellant. | ) | |
| | ) | |
| | ) | Honorable |
| | ) | Debra L. Wellborn, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1   *Held*:  (1) Defendant's 30-year prison sentence was excessive as it was manifestly disproportionate to the offense, and we reduce it to 20 years pursuant to Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967).

(2) Pursuant to Illinois Supreme Court Rule 472 (eff. May 17, 2019), we remand to the trial court to allow defendant the opportunity to file a motion challenging his fine.

¶ 2   Following a jury trial, defendant, Timothy Long, was convicted of methamphetamine conspiracy (720 ILCS 646/65(a) (West 2012)) and sentenced to 30 years in prison. Defendant appealed his conviction and sentence. In *People v. Long*, 2018 IL App (4th) 150919, ¶ 1, 115 N.E.3d 295, we reduced the degree of the offense for which defendant was convicted pursuant to Illinois Supreme Court Rule 615(b)(3) (eff. Jan. 1, 1967) and remanded for a new sentencing hearing. At the resentencing hearing, the trial court again sentenced defendant

to 30 years in prison. The court also ordered defendant to pay certain fines and fees. On appeal, defendant argues the court erred in sentencing him to 30 years' imprisonment and in imposing a $7500 fine. We agree with defendant's first contention and reduce his sentence to 20 years' imprisonment as authorized by Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967). Additionally, we remand defendant's case pursuant to Illinois Supreme Court Rule 472 (eff. May 17, 2019) to allow defendant the opportunity to challenge the $7500 fine.

¶ 3                                    I. BACKGROUND

¶ 4        On April 29, 2015, the State filed a second amended information charging defendant with methamphetamine conspiracy (720 ILCS 646/65(a) (West 2012)). Specifically, the State alleged that in 2014, defendant and Michael Blumenberg agreed to manufacture methamphetamine and, pursuant to that agreement, defendant provided Blumenberg with Coleman fuel, an ingredient of methamphetamine. The State further alleged Blumenberg then used the Coleman fuel defendant had provided to produce between 400 and 900 grams of methamphetamine. The facts of defendant's case are more fully set forth in our prior decision (see *Long*, 2018 IL App (4th) 150919, ¶¶ 3-30), and we need not repeat them in full here. However, because defendant's current claims are based, in part, on the extent of his involvement in the methamphetamine conspiracy, we will provide a brief recitation of the evidence presented during the trial.

¶ 5        At trial, the State established that on November 26, 2014, police discovered a "shake[-]and[-]bake meth lab" at the home of Dennis Burge. Police also discovered a total of 686.7 grams of methamphetamine as well as additional methamphetamine manufacturing materials, including a container of Coleman fuel. Both Burge and Blumenberg were arrested in connection with the methamphetamine manufacturing operation. During the trial, the State also presented a

recording of an interview between law enforcement and defendant in which defendant confessed to providing Blumenberg a can of Coleman fuel. Although defendant presented evidence that he did not give Blumenberg the Coleman fuel for the purpose of manufacturing methamphetamine, the jury ultimately found him guilty of the charged offense.

¶ 6            Following defendant's conviction, the trial court conducted a sentencing hearing. At the hearing, defendant presented the testimony of two witnesses and spoke in allocution. Before pronouncing its sentence, the court confirmed it had reviewed defendant's presentence investigation report (PSI). The mitigating evidence contained in the PSI included a history of defendant's military service, education, and family relationships. It reflected that, in 2013, defendant received a certificate from a two-year technical college in "precision machining technology." The PSI also set forth defendant's criminal history. According to the PSI, since the early 1990s and prior to the subject conviction, defendant had been convicted of 11 felonies and multiple misdemeanors and traffic offenses. The court ultimately sentenced defendant to 30 years in prison and imposed a $10,000 fine. As part of his sentence, the court also recommended defendant participate in an Illinois Department of Corrections (DOC) substance abuse program.

¶ 7            Defendant subsequently filed an appeal. As set forth in our earlier decision, we reduced the degree of the offense for which defendant was convicted pursuant to Rule 615(b)(3), finding the evidence presented at trial "established that 100 to 400 grams of methamphetamine was attributable to the conspiracy involving defendant rather than the 400 to 900 grams" for which defendant had been convicted. *Id.* ¶ 44. Because we reduced the degree of the offense, we also remanded the case for resentencing. *Id.*

¶ 8            On remand, the trial court conducted a resentencing hearing. At the hearing, defendant did not present any evidence but instead relied on the information contained in a

supplement to the PSI that had been prepared for the resentencing hearing. The supplemental PSI restated the material information in the original PSI and included some additional information. The new report indicated that, in their methamphetamine cases, Burge had been sentenced to 10 years' incarceration, Blumenberg had been sentenced to 6 years' incarceration, and both men had already completed their prison sentences. Additionally, in the "Investigator's Remarks" section of the supplement, the document's author wrote that a representative of DOC had informed him that "[defendant] [was] *** on the waiting list for [a] [s]ubstance [a]buse [p]rogram[,]" "[defendant] was advised of other programs that he could do while incarcerated but he chose not to participate[,]" and "[defendant] ha[d] not reached out about any other programs that [were] available."

¶ 9        The parties then presented their sentence recommendations. The State, noting defendant's extensive prior criminal history, requested the trial court resentence defendant to 30 years in prison and reimpose the $10,000 fine. Defense counsel requested "the minimum" sentence, emphasizing certain mitigating evidence including the limited scope of defendant's participation in the conspiracy to manufacture methamphetamine, as well as defendant's education and relationship with his family. Defense counsel also argued defendant had been unable to participate in substance abuse classes or other rehabilitative programs due to certain restrictions he suggested were imposed by the court as part of defendant's initial sentencing. Defense counsel disagreed with the statements in the supplemental PSI that defendant had "refused, or not taken advantage of [rehabilitative programs] in DOC," arguing instead "[defendant] [was] not refusing services. It's just they are not available due to certain restrictions that were [imposed by a] previous court order[.]"

¶ 10        After the parties made their sentence recommendations, defendant made a

statement in allocution. In his statement, defendant denied committing the crime for which he was being sentenced and spoke about his service in the U.S. Army which included participation in "Operation Desert Storm" in Iraq. He also spoke about his relationship with his family, education, and work history.

¶ 11 Prior to issuing its sentence, the trial court stated it had "considered the factual basis in regard to the unlawful conspiracy to manufacture methamphetamine," "review[ed] the [PSI] up through and including [the supplemental PSI,]" "listened to the arguments of counsel *** and the statements that [defendant] [made,]" and "take[n] into consideration the statutory factors of mitigation[.]" The court referenced defendant's "long history" of criminal convictions as well as his military service, education, work history, and relationship with his family. The court further noted,

> "[Defendant's] statement in regard to not having the ability to do some programs in [DOC] is inconsistent with the [supplemental PSI] indicating that while he was not able to take advantage of their program for substance abuse because of the long wait list, they said, and I quote, 'There were other programs that [defendant] was advised of that he could do while incarcerated, but he chose not to participate,' and after that they indicated he had not reached out about any other programs that were available to him."

The court ultimately resentenced defendant to 30 years in prison and imposed certain fines and fees, including a $7500 "ordinary fine." The court explained, "[b]ased upon some of the information in the [PSI], I still believe that [defendant] would have the ability to pay [an] ordinary fine."

¶ 12 Defendant subsequently filed a motion to reconsider sentence. In his motion,

defendant argued, in relevant part, that his sentence was excessive based upon the limited scope of his participation in the conspiracy to manufacture methamphetamine and the mitigating evidence contained in the supplemental PSI. Defendant alleged that, considering the "factors of mitigation" and that the only evidence in aggravation was his "criminal history," the disparity between his 30-year sentence and the shorter sentences given to Blumenberg and Burge, who defendant described as the "leaders and planners" of the criminal conduct, was "unwarranted, arbitrary[,] and unreasonable."

¶ 13        The trial court held a hearing on defendant's motion. At the hearing, the State presented the criminal records of Burge and Blumenberg. According to the State's exhibits, following their arrest in November of 2014, Burge and Blumenberg were convicted of possession of methamphetamine and delivery of methamphetamine, respectively, and each was "sentenced pursuant to a negotiated plea." The State further confirmed that, while Blumenberg had previously been convicted of a felony, Burge had not. The court ultimately denied defendant's motion. With respect to defendant's argument that his sentence was excessive as compared with the sentences given to Burge and Blumenberg, the court found the three men were not "similarly situated." The court specifically referenced the differences among the criminal histories of defendant, Burge, and Blumenberg and the fact that Burge and Blumenberg had accepted a plea agreement.

¶ 14        This appeal followed.

¶ 15                              II. ANALYSIS

¶ 16        On appeal, defendant argues the court erred in sentencing him to 30 years' imprisonment and in imposing a $7500 fine.

¶ 17                      A. Excessive Sentence Claim

¶ 18        Defendant first contends the trial court abused its discretion in sentencing him to

30 years' imprisonment. In support, defendant cites the "disparity between [his] sentence and those given to Burge and Blumenb[e]rg," the court's improper reliance on "hearsay contained in [his] PSI[,]" and his "relatively minor participation in this non-violent drug offense."

¶ 19       "It is well settled that the trial court has broad discretionary powers in imposing a sentence[.]" *People v. Stacey*, 193 Ill. 2d 203, 209, 737 N.E.2d 626, 629 (2000). The trial court's "opportunity to weigh such factors as the defendant's credibility, demeanor, general moral character, mentality, social environment, habits, and age," generally places that court in a "better position than the reviewing court to determine the appropriate sentence." *Id.* Accordingly, the trial court's sentencing decision is "entitled to great deference" (*id.*) and a reviewing court "may not alter a defendant's sentence absent an abuse of discretion by the trial court." *People v. Alexander*, 239 Ill. 2d 205, 212, 940 N.E.2d 1062, 1066 (2010).

¶ 20       However, "the appellate court was never meant to be a rubber stamp for the sentencing decisions of trial courts." *People v. Daly*, 2014 IL App (4th) 140624, ¶ 26, 21 N.E.3d 810. Although this court "presumes that a sentence imposed within the statutory range provided by the legislature is proper" (*People v. Musgrave*, 2019 IL App (4th) 170106, ¶ 56, 141 N.E.3d 320), such a sentence may be deemed excessive and an abuse of the trial court's discretion where it is "greatly at variance with the spirit and purpose of the law or manifestly disproportionate to the nature of the offense." (Internal quotation marks omitted.) *People v. Pina*, 2019 IL App (4th) 170614, ¶ 20, 143 N.E.3d 794.

¶ 21       As an initial matter, we note defendant's 30-year sentence falls within the permitted statutory range. Defendant was convicted of methamphetamine conspiracy. Because between 100 and 400 grams of methamphetamine were attributable to the conspiracy, this offense carries with it a sentencing range of between 9 years and 40 years. 720 ILCS 646/15(a)(2)(C), 65(b) (West

2012). Accordingly, we presume the sentence was proper and will not disturb it absent a showing of an abuse of discretion.

¶ 22        Defendant first argues there exists an improper "disparity between [his] sentence and those given to Burge and Blumenberg[,]" who, defendant notes, received shorter sentences than he did even though his "degree of participation in the methamphetamine conspiracy was far less than that of Burge and Blumenb[e]rg." Generally, an "[a]rbitrary and unreasonable disparity between the sentences of similarly situated codefendants is impermissible. [Citation.] However, the mere disparity of sentences does not, by itself, establish a violation of fundamental fairness. [Citation.]" *People v. Caballero*, 179 Ill. 2d 205, 216, 688 N.E.2d 658, 663 (1997). "[A] permissible sentencing disparity may be warranted by differences in the nature and extent of the concerned defendants' participation in the offense. [Citation] A disparity may also be justified by differences in the codefendants' character, criminal history, and potential for rehabilitation." (Internal quotation marks omitted.) *People v. Scott*, 2012 IL App (4th) 100304, ¶ 24, 966 N.E.2d 340. Further, "[a] sentence imposed on a codefendant who pleaded guilty as part of a plea agreement does not provide a valid basis of comparison to a sentence entered after a trial." *Caballero*, 179 Ill. 2d at 217.

¶ 23        In the present case, defendant was sentenced to 30 years in prison after a jury trial. In contrast, Burge and Blumenberg accepted plea agreements and were sentenced to 10 years and 6 years, respectively. Because Burge and Blumenberg pleaded guilty pursuant to plea agreements, their sentences may not be compared to defendant's 30-year sentence, and the differences between the lengths of the prison sentences is not pertinent to the question of whether the trial court abused its discretion in sentencing defendant. See *id.*

¶ 24        In addition, while Burge and Blumenberg apparently played a larger role in the

manufacture of methamphetamine, their criminal histories were much less significant than defendant's. Burge had previously been convicted of multiple misdemeanors but no felonies. Blumenberg had previously been convicted of multiple misdemeanors and one felony. As noted above, before the present case, defendant had been convicted of 11 felonies. The differences between the conspirators' criminal histories and apparent potential for rehabilitation demonstrate that Burge and Blumenberg were not similarly situated to defendant for purposes of sentencing and the disparities in their respective prison terms is not evidence of an abuse of the trial court's discretion.

¶ 25        Defendant next argues the trial court improperly relied on "uncorroborated and disputed hearsay in aggravation." Specifically, defendant argues the court abused its discretion by crediting statements in the supplemental PSI made by an "unidentified employee of the [DOC], who said [defendant] refused to participate in [DOC] programs that were offered to him and never 'reached out' to learn about other available programs." Defendant correctly notes he forfeited review of this issue by failing to include it in his postsentencing motion (see *People v. Baez*, 241 Ill. 2d 44, 129, 946 N.E.2d 359, 409 (2011)), but he insists we may nonetheless review his claim under the plain error doctrine.

¶ 26        "The plain error doctrine is not a general saving clause preserving for review all errors affecting substantial rights whether or not they have been brought to the attention of the trial court. [Citation.] Instead, it is a narrow and limited exception to the general rule of forfeiture ***." (Internal quotation marks omitted.) *People v. Allen*, 222 Ill. 2d 340, 353, 856 N.E.2d 349, 356 (2006).

"Pursuant to the plain error doctrine, a reviewing court may address a forfeited claim in two circumstances: (1) where a clear or obvious error occurred and the

evidence is so closely balanced that the error alone threatened to tip the scales of justice against the defendant, regardless of the seriousness of the error and (2) where a clear or obvious error occurred and that error is so serious that it affected the fairness of the defendant's trial and challenged the integrity of the judicial process, regardless of the closeness of the evidence." (Internal quotation marks omitted.) *People v. Harvey*, 2018 IL 122325, ¶ 15, 115 N.E.3d 172.

¶ 27 Here, we do not find the trial court committed any error. Defendant's complaint relates to a single comment by the court made in response to defense counsel's assertion that defendant had been unable to participate in any prison programs. The court responded:

"[Defendant's] statement in regard to not having the ability to do some programs in [DOC] is inconsistent with the [supplemental PSI] indicating that while he was not able to take advantage of their program for substance abuse because of the long wait list, they said, and I quote, 'There were other programs that [defendant] was advised of that he could do while incarcerated, but he chose not to participate,' and after that they indicated he had not reached out about any other programs that were available to him."

Notably absent from the court's remarks is an indication that it *explicitly credited* as accurate the statement in the supplemental PSI and *discounted* defendant's assertion. The court's comment appears to simply reflect its observation of a discrepancy between the two statements. Thus, we find the court did not err.

¶ 28 Defendant's final argument regarding his 30-year prison sentence is that it is excessive considering his "relatively minor participation in this non-violent drug offense," as well as certain mitigating factors contained in the supplemental PSI. The Illinois Constitution requires

the sentence imposed by a trial court "be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship." Ill. Const. 1970, art. I, § 11. "This constitutional mandate calls for balancing the retributive and rehabilitative purposes of punishment, and the process requires careful consideration of all factors in aggravation and mitigation." *Daly*, 2014 IL App (4th) 140624, ¶ 26. In fashioning an appropriate sentence, the most important factor to consider is the seriousness of the crime. *People v. Quintana*, 332 Ill. App. 3d 96, 109, 772 N.E.2d 833, 845 (2002).

¶ 29        Applying the above principles, we find the trial court abused its discretion in sentencing defendant to 30 years' imprisonment. Although the court's sentence fell within the allowable statutory range, it was manifestly disproportionate to the "seriousness of the offense" for which defendant was convicted. Ill. Const. 1970, art. I, § 11; see, *e.g.*, *Stacey*, 193 Ill. 2d at 210-11. The evidence presented at trial demonstrated that defendant's culpable conduct consisted of him providing a single methamphetamine ingredient—a can of Coleman fuel—at Blumenberg's request, which Burge and Blumenberg later used to manufacture methamphetamine. There was no evidence defendant provided any other ingredients or was present during the manufacturing process. Nor was there any evidence that defendant profited or expected to profit from the actions of Burge and Blumenberg. Although, during the resentencing hearing, the trial court acknowledged it had "considered the factual basis" of defendant's participation in the conspiracy to manufacture methamphetamine, it does not appear the court recognized the relatively minor role defendant played in the methamphetamine conspiracy or, if it did, the court failed to properly consider it in fashioning a proportionate sentence. The transcripts of the resentencing hearing and the hearing on defendant's motion to reconsider sentence reflect that, in handing down its 30-year sentence, the court placed primary emphasis on defendant's significant criminal history which it determined

pointed to defendant's limited rehabilitative potential. While we agree that defendant's criminal history is extensive and provides support for the court's pessimistic view of defendant's rehabilitative prospects, the constitution required the court to *additionally* consider the seriousness of the offense. We cannot be sure whether the trial court considered the constitutionally required factor, but even if it had, our conclusion that the sentence imposed in this case was an abuse of discretion would not be changed. Considering defendant's relatively minor role in the manufacture of methamphetamine, we find the court's 30-year sentence was manifestly disproportionate to the seriousness of the offense.

¶ 30    In light of the above, we determine a more appropriate prison sentence in this case is 20 years, which is still more than three times the length of defendant's longest prior sentence of 6 years. Accordingly, we exercise our authority pursuant to Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) to reduce defendant's prison sentence to 20 years. See *Daly*, 2014 IL App (4th) 140624, ¶ 40 ("A reviewing court is empowered under Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967) to reduce a sentence where *** the trial court abused its discretion in sentencing a defendant."). In reducing defendant's sentence, we have not reweighed any of the mitigating or aggravating evidence presented during defendant's resentencing hearing. See *People v. Fern*, 189 Ill. 2d 48, 53, 723 N.E.2d 207, 209 (1999) ("In considering the propriety of a sentence, the reviewing court *** must not substitute its judgment for that of the trial court merely because it would have weighed the factors differently."). While we are aware of the dangers posed by methamphetamine and its manufacture in our state and recognize that our legislature has determined that "the manufacture of methamphetamine is extremely and uniquely harmful[ ]" (720 ILCS 646/5 (West 2012)), we are also duty bound to reduce a defendant's methamphetamine sentence where it is found to be manifestly disproportionate to the nature of the offense. Here,

defendant's conduct in providing a can of Coleman fuel which was subsequently used by others to produce methamphetamine did not warrant a 30-year prison sentence.

¶ 31                                B. Improper Fine

¶ 32        Defendant's other contention on appeal is that the trial court erred in imposing a $7500 fine. According to defendant, the fine was improper because it was "grossly disproportionate to [defendant's] degree of participation in this offense[ ] and because it is uncontested that [defendant] ha[d] no measurable assets with which to pay such a sum." The State responds that Illinois Supreme Court Rule 472 requires that we remand defendant's claim to the trial court. We agree with the State.

¶ 33        Rule 472 grants the trial court continuing jurisdiction to correct specified sentencing errors, including "[e]rrors in the imposition *** of fines, fees, assessments, or costs[.]" Ill. S. Ct. R. 472(a)(1) (eff. May 17, 2019). This mandate is "broad" and "unqualified." *People v. Hinton*, 2019 IL App (2d) 170348, ¶ 7, 147 N.E.3d 761. The rule also prohibits the appeal of an error specified in section 472(a) "unless such alleged error has first been raised in the circuit court." Ill. S. Ct. R. 472(c) (eff. May 17, 2019). Instead, the rule requires the reviewing court to "remand to the circuit court to allow the party to file a motion pursuant to this rule." Ill. S. Ct. R. 472(e) (eff. May 17, 2019).

¶ 34        Here, defendant has not previously asserted that the trial court erred in imposing the $7500 fine. Accordingly, we remand this case to allow defendant to file a motion challenging his fine pursuant to Rule 472(a).

¶ 35                                III. CONCLUSION

¶ 36        For the reasons stated, we (1) reduce defendant's sentence to 20 years' imprisonment and (2) remand to allow defendant to file a motion challenging his fine pursuant to

Rule 472(a).

¶ 37          Sentence reduced and cause remanded with directions.