THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. MORRIS V. RANKINS, Defendant-Appellant.

Third District    No. 3—94—0134

Opinion filed January 25, 1996.

Verlin R. Meinz, of State Appellate Defender's Office, of Ottawa, for appellant.

Joseph Navarro, State's Attorney, and Richard Leonard, both of Ottawa (John X. Breslin, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE SLATER delivered the opinion of the court:

The defendant, Morris V. Rankins, was convicted of two counts of unlawful delivery of a controlled substance. (720 ILCS 570/401(c)(2) (West 1992).) He was sentenced to two concurrent terms of 10 years' imprisonment. He later filed a *pro se* post-conviction petition that was denied. On appeal, he contends that this case should be remanded for further post-conviction proceedings because the record: (1) does not contain a Supreme Court Rule 651(c) certificate, and (2) does not otherwise show that appointed counsel complied with Rule 651(c). (134 Ill. 2d R. 651(c).) We agree and reverse and remand this cause for further proceedings.

The defendant's post-conviction petition had two counts. In count I, the defendant alleged that the trial court had imposed an unconstitutionally excessive sentence. In count II, he alleged that trial counsel had been ineffective since trial counsel did not file a motion to reduce sentence or a notice of appeal after the defendant asked him to do so.

The record indicates that the trial court did not dismiss the petition as frivolous and patently without merit at the first stage of the post-conviction proceeding. (See 725 ILCS 5/122—2.1 (West 1992).) At stage two of the proceedings (725 ILCS 5/122—4, 122—5 (West 1992)), Timothy Cappellini, a La Salle County public defender, was appointed as the defendant's counsel. Soon after, Cappellini was excused because of a possible conflict of interest. Subsequently, David Rumley, the Bureau County public defender, was assigned to the defendant's case. Rumley requested a two-week continuance in order to amend the defendant's petition. However, Rumley never amended the petition.

The State then filed a motion to dismiss the defendant's petition. The record reflects that although Rumley was present at the hearing,

he did not argue against the State's motion; in fact, he did not speak at all. After reading the motion, the trial court dismissed count I of the petition.

At stage three of the proceedings (725 ILCS 5/122—6 (West 1992)), an evidentiary hearing was held on count II of the petition. At that hearing, newly named Bureau County Public Defender Michael Henneberry represented the defendant. The defendant testified that after his sentencing hearing, he had asked his trial counsel, Edward Kuleck, Jr., to file a motion for a "time cut," which Kuleck did not do. He also stated that he had asked Kuleck to file a motion for a substitution of judge and that Kuleck had not complied. Finally, he thought that Kuleck should have told the sentencing judge that his codefendant had received a lesser sentence.

Kuleck testified that after the defendant was sentenced, he asked the defendant if he should file a motion to reduce sentence and a notice of appeal. According to Kuleck, the defendant told him that his wife wanted him to file the motion and notice of appeal, but that he did not care. Kuleck understood the defendant's response to mean that he did not want them filed. Finally, Kuleck disagreed with the defendant's assertion that the defendant had requested Kuleck to file a motion to substitute judge. Specifically, Kuleck testified that the defendant had always wanted the trial judge that he was assigned.

After hearing final arguments from both parties, the trial court denied the defendant's post-conviction petition. On appeal, the defendant argues that this case should be remanded for further post-conviction proceedings because: (1) the record does not contain a Supreme Court Rule 651(c) certificate, and (2) the record does not otherwise show that his appointed counsel complied with Rule 651(c). We note that the defendant's argument only concerns the evidentiary hearing which involved count II of his petition. However, we find that the defendant's attorneys at stage two and stage three of the proceedings did not comply with Supreme Court Rule 651(c) and therefore reverse and remand this cause for further proceedings.

■ Supreme Court Rule 651(c), which governs appeals from post-conviction proceedings, requires that the record on appeal disclose that appointed counsel took the steps necessary to insure adequate presentation of the petitioner's claims in the trial court. (*People v. Johnson* (1993), 154 Ill. 2d 227, 609 N.E.2d 304.) Specifically, the rule requires that the record of appeal contain a showing that post-conviction counsel has: (1) consulted with the petitioner either by mail or in person to ascertain his contentions of deprivation of constitutional rights; (2) examined the record of the proceedings at trial; and (3) made any amendments to any *pro se* petitions filed that

are necessary for an adequate presentation of the petitioner's contentions. (134 Ill. 2d R. 651(c).) Rule 651(c) also allows post-conviction counsel to file an affidavit certifying that he or she has complied with these requirements. Although compliance with the requirements of Rule 651(c) is mandatory, the absence of counsel's affidavit will be excused where the record demonstrates that counsel adequately fulfilled his duties as post-conviction counsel. (*People v. Johnson* (1993), 154 Ill. 2d 227, 609 N.E.2d 304.) In determining whether the requirements of the rule have been met, we shall address each of the defendant's attorneys separately.

## STAGE-TWO COUNSEL RUMLEY

■ Rumley did not file a Rule 651(c) certificate. Additionally, there is no evidence that Rumley otherwise complied with Supreme Court Rule 651(c). Specifically, the record does not show that Rumley examined the record of the trial proceedings or ever consulted with the defendant prior to the hearing on the motion to dismiss. The record further shows that Rumley never argued against the State's motion to dismiss or even spoke at all at the stage two hearing. Additionally, although Rumley did not violate Rule 651(c) in this respect, we note that he did not amend the defendant's post-conviction petition after he requested a continuance to do so. Therefore, the dismissal of count I of the petition is reversed and count I is remanded for a new stage two hearing where counsel shall comply with Supreme Court Rule 651(c). 134 Ill. 2d R. 651(c).

## STAGE-THREE COUNSEL HENNEBERRY

■ It is undisputed that Henneberry failed to file an affidavit showing that he complied with Rule 651(c). Therefore, we must determine whether the record establishes that he complied with the rule.

At the evidentiary hearing, Henneberry referred to the petition and read portions of it into the record. Moreover, our review of his comments at the hearing indicates that he had a general familiarity with the case. Therefore, we find that post-conviction counsel adequately fulfilled his obligation to review the record. See *People v. Davis* (1993), 156 Ill. 2d 149, 619 N.E.2d 750.

Next, we note that Henneberry did not amend the petition. However, the failure to amend a *pro se* petition does not constitute inadequate representation where the petitioner fails either to establish that such failure resulted in the omission of a significant allegation or suggest in what manner the petition should have been amended. (*People v. Ford* (1981), 99 Ill. App. 3d 973, 426 N.E.2d 340.) Here, the defendant does not indicate any fatal omissions and does

not indicate in what manner the petition should have been amended. Accordingly, we are unable to say that post-conviction counsel's failure to amend the petition constituted inadequate representation.

Finally, we turn to the requirement that post-conviction counsel discuss the case with the defendant. Here, Henneberry never indicated on the record that he had spoken to the defendant before the hearing in order to ascertain his contentions of deprivation of his constitutional rights. Therefore, we find that the record fails to establish compliance with Rule 651(c) and count II of the petition should be remanded for a new evidentiary hearing and for counsel to comply with the rule.

Accordingly, the judgment of the circuit court of La Salle County is reversed and remanded for further proceedings consistent with our opinion.

Reversed and remanded.

HOLDRIDGE, P.J., and McCUSKEY, J., concur.