THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. PAULETTE FIEDLER, Defendant-Appellant.

Second District   Nos. 3—97—0895, 3—97—0896 cons.

Opinion filed February 5, 1999.—Rehearing denied March 29, 1999.

Robert J. Agostinelli, of State Appellate Defender's Office, of Ottawa, Charles M. Schiedel, of State Appellate Defender's Office, of Springfield, and Steven L. Clark, of State Appellate Defender's Office, of Chicago, for appellant.

Joseph E. Birkett, State's Attorney, of Wheaton (Martin P. Moltz and Lawrence M. Bauer, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

JUSTICE GEIGER delivered the opinion of the court:

A jury found the defendant, Paulette Fiedler, guilty but mentally

ill of first degree murder (720 ILCS 5/9—1(a)(1) (West 1996)) and attempted murder (720 ILCS 5/8—4(a), 9—1(a)(1) (West 1996)), and the trial court sentenced her to concurrent terms of natural life imprisonment and 25 years' imprisonment. The defendant appeals, arguing that (1) we must remand the cause because her attorney failed to comply with Supreme Court Rule 651(c) (134 Ill. 2d R. 651(c)); (2) we must remand the cause because the trial court failed to consider the defendant's entire postconviction petition; and (3) the defendant should be granted a new trial because the guilty but mentally ill statute has been found unconstitutional (see *People v. Robles*, 288 Ill. App. 3d 935 (1997), *appeal allowed*, 174 Ill. 2d 586 (1997)).

After we affirmed the defendant's convictions (see *People v. Fiedler*, 272 Ill. App. 3d 1123 (1995) (unpublished order under Supreme Court Rule 23)), the defendant filed a postconviction petition containing 26 allegations of constitutional violations. The trial court considered 24 of the allegations but could not find the remaining two. Nevertheless, the court dismissed the petition as frivolous and patently without merit. The defendant appealed. In an order entered July 25, 1997, we vacated the judgment dismissing the petition, remanded the cause for the trial court to consider the entire petition, and ordered the court to appoint counsel for the defendant. Upon remand, the trial court appointed counsel for the defendant. The court again dismissed the defendant's petition as frivolous and patently without merit. The defendant filed a timely notice of appeal.

■ The defendant first contends that the cause must be remanded because her attorney failed to comply with Supreme Court Rule 651(c). Rule 651(c) requires an attorney appointed in a postconviction proceeding to consult with the defendant to ascertain her contentions of deprivations of constitutional rights, to examine the report of proceedings at trial, and, if necessary, to amend the petition to present adequately the defendant's contentions. 134 Ill. 2d R. 651(c). The State does not argue that defense counsel complied with Rule 651(c) but instead asserts that counsel performed all of the duties he is permitted to perform during the first stage of a postconviction proceeding.

■ A postconviction proceeding has three stages. *People v. Oury*, 259 Ill. App. 3d 663, 667 (1994). During the first stage, the trial court, without input from the State or further input from the defendant, determines if, on its face, the petition is frivolous and patently without merit. *Oury*, 259 Ill. App. 3d at 667. During the first stage the court may not appoint counsel. It is only if the petition survives the first stage that the court can appoint counsel. *Oury*, 259 Ill. App. 3d at 668.

If the court does not dismiss the petition during the first stage,

the proceedings move to the second stage where the State may file responsive pleadings and the court may appoint counsel for the defendant. *Oury*, 259 Ill. App. 3d at 668. It is at this stage that counsel may amend the defendant's petition. *Oury*, 259 Ill. App. 3d at 668. If the petition is not dismissed on the State's motion, the proceedings will move to the third stage, an evidentiary hearing. *Oury*, 259 Ill. App. 3d at 668.

■ The trial court's order reveals that, upon remand, it considered the defendant's petition under the first stage of the proceedings. This conclusion is supported by the fact that no motion to dismiss was filed by the State and neither the State nor defense counsel argued the merits of the petition or otherwise provided input to the court. Moreover, the dismissal order entered by the trial court mirrors the language to be employed during a first stage dismissal. See *Oury*, 259 Ill. App. 3d at 667; 725 ILCS 5/122—2.1(a)(2) (West 1996).

Such additional proceedings under the first stage, however, were inherently inconsistent with this court's order that counsel be appointed to represent the defendant. With the appointment of counsel on remand, the trial court should have treated the proceedings as being in the second stage. An attorney appointed for postconviction proceedings is required to perform certain duties. See 134 Ill. 2d R. 651(c). To perform those duties properly, he must be prepared, if necessary, to amend the defendant's petition to ensure that it adequately presents the defendant's contentions. 134 Ill. 2d R. 651(c). He may not simply stand by and do nothing while the trial court proceeds to dismiss the petition as if it were in stage one of the postconviction proceedings.

Because the trial court treated the petition as if it were in the first stage rather than the second, we must reverse the court's judgment and remand this cause for further proceedings in accordance with sections 122—4 through 122—6 of the Post-Conviction Hearing Act (725 ILCS 5/122—4 through 122—6 (West 1996)). Given our resolution of this issue, we need not address the defendant's remaining contentions.

The judgment of the circuit court of Du Page County is reversed, and the cause is remanded with directions.

Reversed and remanded with directions.

THOMAS and RAPP, JJ., concur.