2020 IL App (1st) 180700-U

No. 1-18-0700

May 20, 2020

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and may not be cited as precedent by any party except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

| | | |
|---|---|---|
| PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 08 CR 8104 |
| | ) | |
| KHALEEL ZARIF, | ) | Honorable |
| | ) | Thomas Joseph Hennelly, |
| Defendant-Appellant. | ) | Judge Presiding. |

JUSTICE HOWSE delivered the judgment of the court.
Presiding Justice Ellis and Justice Cobbs concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The second-stage dismissal of defendant's postconviction petition is affirmed over his contention that counsel did not substantially comply with Supreme Court Rule 651(c) (eff. July 1, 2017) where, at the dismissal hearing, counsel stated she was "standing" on two certificates filed earlier in the proceedings by other assistant public defenders.

¶ 2    Defendant Khaleel Zarif appeals from the second-stage dismissal of his petition for relief pursuant to the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2012)). On appeal, defendant contends that his case should be remanded for new second-stage proceedings

because the last of a series of three assistant public defenders who represented him did not file a certificate pursuant to Supreme Court Rule 651(c) (eff. July 1, 2017), but rather, stated she would "stand" on the certificates filed by her two predecessors. For the reasons that follow, we affirm.

¶ 3    Following a 2009 jury trial, defendant was found guilty of possession of a stolen motor vehicle (625 ILCS 5/4-103(a)(1) (West 2008)) and was sentenced to 19 years in prison as a Class X offender. On direct appeal, defendant contended that (1) trial counsel was ineffective in failing to seek additional jury instructions defining stolen property and theft; (2) the trial court committed plain error in failing to give those jury instructions *sua sponte*; (3) trial counsel was ineffective for objecting to the pattern jury instruction on identification; (4) the trial court committed plain error by failing to instruct the jury on all five standard factors for judging witness identifications; (5) the trial court committed plain error by refusing to give jury instructions on criminal trespass to a vehicle as a lesser-included offense; and (6) trial counsel was ineffective in failing to provide the trial judge with case law supporting the alleged lesser-included offense. We affirmed. *People v. Zarif*, No. 1-09-0927 (2011) (unpublished order under Supreme Court Rule 23).

¶ 4    On March 28, 2012, defendant mailed the *pro se* postconviction petition at issue here. In the petition, he contended that (1) the trial court abused its discretion in sentencing him as a Class X offender where the State failed to prove he was eligible for Class X sentencing; (2) the State's closing argument improperly shifted the burden of proof to the defense; (3) the evidence was insufficient to convict where the State did not prove his identity beyond a reasonable doubt; and (4) trial counsel was ineffective for failing to argue a due process violation where an officer admitted at trial that she and her partner "contaminated all the physical evidence," and two officers testified to "losing or misplacing" a jacket recovered during the pursuit of the suspects.

Additionally, defendant argued that appellate counsel was ineffective for failing to preserve claims that the trial court abused its discretion in sentencing him as a Class X offender, the State's closing argument improperly shifted the burden of proof to the defense, and trial counsel was ineffective for failing to object to and challenge the police admission of lost and contaminated evidence.

¶ 5     After 90 days passed, the petition advanced to the second stage and the circuit court appointed the office of the Public Defender of Cook County to represent defendant. On February 1, 2013, Assistant Public Defender (APD) Elizabeth Ribbeck appeared in court on defendant's behalf. On June 26, 2015, Ribbeck filed a Rule 651(c) certificate attesting that she had communicated with defendant in person, over the telephone, and by letter to ascertain his alleged constitutional violations; reviewed the available records, including the common law record and the transcripts of defendant's trial, sentencing hearing, and appeal; and reviewed the petition to determine if any amendments were necessary for an adequate presentation of defendant's contentions.

¶ 6     On September 18, 2015, APD Renee Norris appeared in court and stated she had been assigned defendant's case, as APD Ribbeck was on an extended leave of absence. On May 20, 2016, Norris filed a Rule 651(c) certificate. Therein, Norris stated she had consulted with defendant by telephone to ascertain his alleged constitutional violations; obtained and examined the report of proceedings of defendant's trial; and determined that the petition adequately presented defendant's claims. Norris wrote that as such, she would not be supplementing the petition.

¶ 7     The State filed a motion to dismiss defendant's petition. On June 30, 2016, an assistant State's Attorney appeared in court and stated that Norris was retiring and a new APD would represent defendant.

¶ 8    On November 17, 2017, APD Michelle Hendrickson appeared for defendant. She told the court: "Judge, I believe this is ready for argument on the State's motion to dismiss. There have been two previous attorneys who have handled this matter, one, Elizabeth Ribbeck, and, two, Renee Norris. Both have both filed 651(c) on this. I'm standing on their 651(c) and their client's petition."

¶ 9    On February 23, 2018, the court held a hearing on the State's motion to dismiss defendant's petition. At the outset, Hendrickson stated:

> "Judge, if I can for the record, just let the Court know that this petition was filed on April 18 of 2012. Two of my colleagues have filed 651(c) certificates on this matter. One was Elizabeth [Ribbeck] and the second was Renee Norris. Both of them indicated they have not made any amendments to this so we are standing on [defendant's] petition as written."

After the State argued that defendant had failed to make a substantial showing of a constitutional violation, Hendrickson responded, "Judge, as I stated, we are resting on the defendant's petition where he's alleging that there were constitutional violations that need to be remedied, but we are standing, as my colleagues did, on the 651(c)." The court took the matter under advisement.

¶ 10    On March 16, 2018, the court granted the State's motion to dismiss. Defendant filed a timely notice of appeal.

¶ 11    On appeal, defendant solely contends that APD Hendrickson did not substantially comply with Rule 651(c) where she did not file a certificate, did not argue on his behalf at the dismissal hearing, and only said that she would be "standing" on certificates filed by prior postconviction counsels. Defendant argues that no evidence shows Hendrickson consulted with him by mail or in

person to ascertain his constitutional claims, examined the record of the trial court proceedings, or made any amendments to the *pro se* petition necessary to adequately present his claims. Defendant further argues that Hendrickson's failure to file a certificate and advocate on his behalf at the hearing on the State's motion to dismiss deprived him of the reasonable assistance of counsel and "effectively amounted to no representation at all." As relief, defendant seeks vacatur of the dismissal and remand for new second-stage postconviction proceedings.

¶ 12    At the second stage of postconviction proceedings, appointment of counsel is a statutory, rather than constitutional, right. 725 ILCS 5/122-4 (West 2012); *People v. Suarez*, 224 Ill. 2d 37, 42 (2007). Under the Act, petitioners are entitled to a "reasonable" level of assistance of counsel. *People v. Perkins*, 229 Ill. 2d 34, 42 (2007). To ensure this level of assistance, Rule 651(c) imposes three duties on appointed postconviction counsel. *Id.* at 42. Pursuant to the rule, either the record or a certificate filed by the attorney must show that counsel (1) consulted with the petitioner to ascertain his contentions of constitutional deprivations; (2) examined the record of the trial proceedings; and (3) made any amendments to the filed *pro se* petitions necessary to adequately present the petitioner's contentions. Ill. S. Ct. R. 651(c) (eff. July 1, 2017); *Perkins*, 229 Ill. 2d at 42. The purpose of Rule 651(c) is to ensure that postconviction counsel shapes the defendant's claims into a proper legal form and presents them to the court. *Perkins*, 229 Ill. 2d at 44. The filing of a Rule 651(c) certificate creates a presumption that postconviction counsel provided reasonable assistance, and substantial compliance with the rule is sufficient. *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Our review of an attorney's compliance with Rule 651(c), as well as the dismissal of a postconviction petition without an evidentiary hearing, is *de novo*. *Id.* ¶ 17.

¶ 13 Defendant cites three cases as authority for his argument that Hendrickson did not comply with Rule 651(c) and that, therefore, he did not receive reasonable assistance of postconviction counsel.

¶ 14 In the first case, *People v. Smith*, 2016 IL App (4th) 140085, ¶ 19, the circuit court granted appointed counsel's motion to withdraw and granted the State's motion to dismiss the defendant's *pro se* petition with prejudice. On appeal, the defendant contended that the motion to withdraw failed to explain why each of the claims in his *pro se* petition was frivolous or patently without merit. *Id.* ¶ 1. This court reversed, finding that assessing the sufficiency of the motion to withdraw would be premature because postconviction counsel never filed a Rule 651(c) certificate and the record failed to clearly show counsel fulfilled all of his responsibilities under that rule. *Id.* ¶ 2. We rejected the State's arguments that statements included in the defendant's *pro se* notice of appeal and counsel's motion to withdraw showed compliance with Rule 651(c). *Id.* ¶¶ 34-35.

¶ 15 In the second case, *People v. Mason*, 2016 IL App (4th) 140517, ¶ 15, the circuit court granted the State's motion to dismiss the defendant's postconviction petition. On appeal, the defendant contended, *inter alia*, that he received unreasonable assistance from postconviction counsel because counsel failed to file a Rule 651(c) certificate. *Id.* ¶ 18. This court reversed and remanded for further second-stage proceedings, finding that counsel's Supreme Court Rule 604(d) (eff. Feb. 6, 2013) certificate failed to demonstrate that counsel reviewed the transcripts of all the trial court proceedings or spoke with the defendant about his contentions of constitutional deprivation outside of the plea and sentencing hearings, and that counsel had made no statements on the record clarifying whether he spoke with the defendant about the alleged constitutional deprivation or reviewed the necessary records. *Id.* ¶¶ 24-25.

¶ 16     Finally, in *People v. Rankins*, 277 Ill. App. 3d 561, 562-63 (1996), the circuit court dismissed one count of the defendant's petition at the second stage, when he was represented by a LaSalle County public defender, and the other count following an evidentiary hearing, when he was represented by a Bureau County public defender. On appeal, the defendant argued that the case should be remanded for further postconviction proceedings because the record did not contain a Rule 651(c) certificate or otherwise show that his attorneys complied with the rule. *Id.* at 563. This court agreed with the defendant and reversed and remanded for new second-stage proceedings on the petition's first count and for new third-stage proceedings on the second count. *Id.* at 564-65.

¶ 17     In our view, *Smith*, *Mason*, and *Rankins* are distinguishable because in all of those cases, no Rule 651(c) certificate was filed by any of the defendants' attorneys and, therefore, no presumption of reasonable assistance existed. Here, in contrast, Rule 651(c) certificates were filed by two of defendant's three attorneys of record. In both of those certificates, the attorneys attested that they had communicated with defendant to ascertain his contentions of deprivations of constitutional rights, examined the trial record, reviewed the petition, and determined no amendments were necessary. Because the attorneys filed Rule 651(c) certificates, a presumption exists that defendant received the representation required by the rule. *Profit*, 2012 IL App (1st) 101307, ¶ 19. That is, a presumption exists that defendant received reasonable assistance of postconviction counsel. *People v. Hayes*, 2016 IL App (3d) 130769, ¶ 12.

¶ 18     Defendant's third attorney, Hendrickson, directed the circuit court's attention to both of the prior attorneys' Rule 651(c) certificates and indicated she was standing on those certificates. Defendant has cited no authority for the proposition that an APD representing a defendant at a

dismissal hearing must file her own Rule 651(c) certificate when certificates have already been filed by two other APDs who consulted with defendant, examined the trial record, and determined that the petition adequately presented defendant's contentions. Defendant has also cited no authority to support a finding that Hendrickson's "standing" on the previously-filed certificates nullified compliance with the rule or resulted in unreasonable representation.

¶ 19    We further note that it was the office of the Public Defender of Cook County, not any of the three individual APDs, that the circuit court appointed to represent defendant in his postconviction proceedings. See *People v. Benford*, 31 Ill. App. 3d 892, 895 (1975) ("When the public defender of a county is appointed for an indigent in a criminal case, it is the office of the defender that is appointed. [Citation.] In legal contemplation, then, it is the public defender who is in court after he is appointed, although he may appear there through appointed assistants."). Two members of that office communicated with defendant to ascertain his alleged constitutional violations, reviewed the relevant records, and determined that no amendments to the petition were necessary for an adequate presentation of defendant's contentions. Thus, the record confirms that defendant's representation by the office of the Public Defender of Cook County met the objective of Rule 651(c), namely, to ensure that his postconviction claims were properly presented to the circuit court. *Perkins*, 229 Ill. 2d at 44. Two Rule 651(c) certificates were filed, giving rise to a presumption of compliance with the rule. *Profit*, 2012 IL App (1st) 101307, ¶ 19. Defendant has made no arguments to rebut the attestations in those certificates. We find no justification for reversal in this case.

¶ 20    For the reasons explained above, we affirm the judgment of the circuit court.

¶ 21    Affirmed.