NOTICE
This order was filed under Supreme
Court Rule 23 and may not be cited
as precedent by any party except in
the limited circumstances allowed
under Rule 23(e)(1).

2020 IL App (4th) 200055-U

NO. 4-20-0055

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 30, 2020
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | Calhoun County |
| TIMOTHY W. LONG, | ) | No. 14CF43 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Debra L. Wellborn, |
| | ) | Judge Presiding. |

JUSTICE HARRIS delivered the judgment of the court.
Justices Knecht and Turner concurred in the judgment.

**ORDER**

¶ 1    *Held*: Defendant is not entitled to further postconviction proceedings on the basis that he
was denied the reasonable assistance of postconviction counsel.

¶ 2    Defendant, Timothy W. Long, appeals the trial court's first-stage dismissal of his
*pro se* postconviction petition. He argues he was denied the reasonable assistance of
postconviction counsel. We affirm.

¶ 3                                  I. BACKGROUND

¶ 4    On April 29, 2015, the State charged defendant by a second amended information
with unlawful methamphetamine conspiracy (720 ILCS 646/65(a) (West 2012)). It alleged that in
November 2014, defendant agreed to manufacture methamphetamine with an individual named
Michael Blumenberg and delivered Coleman fuel, a methamphetamine manufacturing material, to

Blumenberg for that purpose, resulting in the manufacture of methamphetamine. Following a jury trial, defendant was found guilty of the charged offense, and the trial court sentenced him to 30 years in prison. On direct appeal, this court reduced the degree of the offense of which defendant was convicted and remanded for resentencing, finding the evidence at trial established a smaller amount of methamphetamine was attributable to the charged conspiracy than the amount with which defendant was convicted. *People v. Long*, 2018 IL App (4th) 150919, ¶ 44, 115 N.E.3d 295.

¶ 5 On remand, the trial court appointed counsel for defendant and ordered an updated presentence investigation (PSI) report. On May 28, 2019, defendant's supplemental PSI report was filed. Enclosed with that report was defendant's handwritten version of events, in which he asserted his innocence and alleged his defense counsel had been ineffective for various reasons, including failing to call three witnesses that defendant "had *** in the courthouse" at the time of his trial to contradict the State's evidence. Defendant also maintained as follows: "I have 7 affidavits [and] more to show the truth!! I filed a 'post[]conviction petition' [in] October 2018[.] I[']m currently waiting on counsel to be appointed and a court date to be set to hear the evidence."

¶ 6 On June 5, 2019, the trial court conducted defendant's resentencing hearing and resentenced him to 30 years in prison. At the conclusion of the hearing, defendant stated he intended "to file for reconsideration of sentence" and asked the court to appoint counsel for him. He also represented to the court that, in October 2018, he had filed a postconviction petition and was "waiting on a court date or something on that." The court then stated as follows:

> "Okay. The post[]conviction motion I think that was filed in this case could not be heard before all of the issues in regard to the appeal were taken care of. So, it would still be pending, I assume, at this time.

So, I will include in this order that [counsel] would be appointed to represent you on any post-sentencing matters, and I will include that that also includes the still pending post-conviction matter."

The same day, the court entered a written order, providing as follows: "[I]t is the order of the [c]ourt that Attorney Donald Schaaf be appointed [defendant's] public defender to assist him with post sentencing matters, including the pending post[]conviction petition."

¶ 7		On July 3, 2019, defendant, with Schaaf's aid, filed a motion to reconsider his sentence. On August 16, 2019, the trial court conducted a hearing and denied that motion. Defendant appealed, and this court determined defendant's 30-year prison sentence was excessive and reduced it to 20 years pursuant to Illinois Supreme Court Rule 615(b)(4) (eff. Jan. 1, 1967). *People v. Long*, 2020 IL App (4th) 190759-U.

¶ 8		The same day the trial court denied defendant's motion to reconsider, defendant filed a *pro se* postconviction petition. On October 22, 2019, the court entered a written order dismissing that petition, finding the issues raised by defendant had been previously raised on direct appeal and were barred by the doctrine of *res judicata*.

¶ 9		This appeal followed.

¶ 10		II. ANALYSIS

¶ 11		On appeal, defendant challenges the first-stage dismissal of his *pro se* postconviction petition, arguing he was denied his right to the reasonable assistance of postconviction counsel. In support of that contention, defendant asserts the trial court appointed counsel to assist him with his postconviction petition and, although he clearly expressed a desire to raise specific postconviction claims and asserted he had affidavits to support those claims, his

counsel "filed a petition with no affidavits attached that was frivolous on its face." Defendant asks this court to remand his case for further postconviction proceedings.

¶ 12 "The Post-Conviction Hearing Act [(Act)] provides a procedural mechanism through which criminal defendants can assert that their federal or state constitutional rights were substantially violated in their original trials or sentencing hearings." *People v. Buffer*, 2019 IL 122327, ¶ 12, 137 N.E.3d 763 (citing 725 ILCS 5/122-1(a) (West 2014)). Proceedings under the Act are divided into three stages. *People v. Bailey*, 2017 IL 121450, ¶ 18, 102 N.E.3d 114. "At the first stage, the circuit court must review the petition within 90 days of its filing and determine whether the petition states the gist of a constitutional violation or is either frivolous or patently without merit." *Id.* If the court determines the petition is frivolous or patently without merit, it must dismiss the petition in a written order. 725 ILCS 5/122-2.1(a)(2) (West 2018). "If the postconviction petition is not dismissed at the first stage, the petition advances to the second stage, at which time the circuit court may appoint counsel to represent the defendant and to file any amendments to the petition deemed necessary." *Bailey*, 2017 IL 121450, ¶ 18.

¶ 13 "Because the sixth amendment right to counsel does not extend to postconviction petitioners, counsel is afforded *** under the Act only as a matter of legislative grace, if at all." *People v. Custer*, 2019 IL 123339, ¶ 30, 115 N.E.3d 374. Ultimately, the Act does not provide for the appointment of counsel until a petition reaches the second stage of postconviction proceedings, providing as follows:

> "If the petitioner is without counsel and alleges that he is without means to procure counsel, he shall state whether or not he wishes counsel to be appointed to represent him. If appointment of counsel is so requested, and the petition is not dismissed [at

the first stage of postconviction proceedings], the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel." 725 ILCS 5/122-4 (West 2018).

¶ 14     "[A]t the second and third stages of postconviction proceedings, defendants are entitled to a 'reasonable' level of attorney assistance." *People v. Johnson*, 2018 IL 122227, ¶ 16, 123 N.E.3d 1083. That right is not limited to appointed counsel as "[p]rivately retained attorneys must also provide a reasonable level of assistance." *Id.* Additionally, a defendant who retains a private attorney at the first stage of postconviction proceedings is also entitled to a reasonable level of assistance of counsel. *Id.* ¶ 23.

¶ 15     As stated, defendant argues the trial court "appointed counsel to assist [him] with his post[]conviction petition," entitling him to a reasonable level of assistance per *Johnson*. Significantly, however, the court did not appoint counsel to represent defendant in postconviction proceedings generally. Instead, following defendant's June 2019 resentencing, the court appointed counsel to represent him in connection with post-sentencing matters and, relevant to this appeal, a "pending" postconviction petition, which defendant represented to the court was filed in October 2018 and never addressed.

¶ 16     On appeal, defendant acknowledges that no postconviction petition was ever filed in October 2018. Thus, the trial court was misinformed as to its existence either by mistake or misrepresentation. Had such a petition existed, the court would have been acting consistently with the Act's provisions in appointing counsel. Specifically, a *pro se* postconviction petition filed by defendant in October 2018, and which had not been examined by the court within 90 days of its filing, would have advanced to the second stage of postconviction proceedings and required the

appointment of counsel for defendant. *People v. Longbrake*, 2013 IL App (4th) 120665, ¶ 15, 996 N.E.2d 1263 ("If the court fails to enter an order dismissing a postconviction petition as frivolous or patently without merit within 90 days, it *must* docket the petition for second-stage proceedings." (Emphasis in original.)); 725 ILCS 5/122-4 (West 2018) ("If appointment of counsel is so requested, and the petition is not dismissed [at the first stage of postconviction proceedings], the court shall appoint counsel if satisfied that the petitioner has no means to procure counsel.").

¶ 17        In this case, because no "pending" postconviction petition existed, there was no statutory basis for the trial court's appointment of counsel at what amounted to first-stage proceedings. Defendant argues that although a court has no obligation to appoint counsel upon the initiation of postconviction proceedings, it is not barred from doing so. See *Johnson*, 2018 IL 122227, ¶ 19 (stating only that "the court is not obligated to appoint counsel at the first stage of postconviction proceedings"); but see *People v. Fiedler*, 303 Ill. App. 3d 236, 237, 707 N.E.2d 1247, 1248 (1999) ("During the first stage [of postconviction proceedings] the court may not appoint counsel. It is only if the petition survives the first stage that the court can appoint counsel."). Here, however, there is no indication from the record that the court was intending or attempting to make a first-stage appointment of counsel. Rather, the court was clearly acting under the mistaken impression that defendant had filed a postconviction petition that had remained pending for several months and was required to be docketed for second-stage proceedings.

¶ 18        Given that the circuit court explicitly appointed counsel to assist defendant with only a postconviction petition that the court thought had been pending since October 2018, we find Schaaf, defendant's appointed counsel, was under no obligation to, instead, represent him in connection with initiating new postconviction proceedings. Accordingly, Schaaf cannot be said to

have provided an unreasonable level of assistance with respect to the filing of defendant's August 2019 *pro se* postconviction petition.

¶ 19        We note that on appeal, defendant also asserts that Schaaf had a hand in filing defendant's August 2019 *pro se* petition. However, nothing in the record suggests Schaaf's participation in the preparation or filing of that document. The handwritten petition was clearly labeled as a *pro se* petition, indicating it was filed without the assistance of counsel. It further did not bear Schaaf's name or signature.

¶ 20        Under the circumstances presented, we find the record refutes defendant's contention that the circuit court appointed counsel to assist him with the preparation of an initial postconviction petition. Thus, he was not entitled to, or denied, a reasonable level of assistance of postconviction counsel with respect to the filing of his initial *pro se* postconviction petition in August 2019.

¶ 21                                III. CONCLUSION

¶ 22        For the reasons stated, we affirm the circuit court's judgment.

¶ 23        Affirmed.