**2022 IL 126940**

# IN THE

# SUPREME COURT

# OF

# THE STATE OF ILLINOIS

_____

(Docket No. 126940)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, v. KARL SMITH, Appellant.

*Opinion filed May 19, 2022.*

JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Anne M. Burke and Justices Theis, Neville, Michael J. Burke, Overstreet, and Carter concurred in the judgment and opinion.

**OPINION**

¶ 1      Karl Smith, petitioner, appealed the second-stage dismissal of his postconviction petition. Petitioner sought to have his petition remanded for additional second-stage proceedings because the attorney appointed to represent him at the State's motion to dismiss did not independently demonstrate compliance with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017), although prior appointed counsel had filed a Rule 651(c) certificate. The appellate court affirmed,

and we allowed petitioner's petition for leave to appeal pursuant to Illinois Supreme Court Rule 315 (eff. Oct. 1, 2020).

¶ 2                                        BACKGROUND

¶ 3        In January 2008, petitioner and two others entered by force an apartment that was shared by Gabriel Curiel and Jonathon Collazo. Gabriel's children were present. During the incident, money and cannabis were stolen; David, one of Gabriel's three children, was shot in the head; and Gabriel was beaten, stabbed, and shot. Both David and Gabriel survived.

¶ 4        At the 2011 trial, nine-year-old David, who had been six years old at the time of the crime, was called to testify. Prior to trial, petitioner had requested a hearing on David's competency, but the Cook County circuit court deferred addressing the issue until trial. After taking the stand, David lost his composure, leading to the excusal of the jury. The court denied defense counsel's motion for a mistrial and explained that it would conduct a competency hearing if the State recalled David to the stand. The State declined to do so, and the jury was instructed to disregard David's testimony and what had unfolded.

¶ 5        Petitioner was found guilty of two counts of attempted first degree murder; two counts of aggravated battery with a firearm; and one count each of home invasion, armed robbery, and aggravated battery of a child. On direct appeal, petitioner sought to have his aggravated battery convictions vacated under the one-act, one-crime rule. One of petitioner's aggravated-battery-with-a-firearm convictions and his aggravated-battery-of-a-child conviction were vacated, but the appellate court affirmed petitioner's other convictions.

¶ 6        In March 2014, petitioner filed a *pro se* postconviction petition, complaining that

"(1) he was not proven guilty beyond a reasonable doubt; (2) the State violated *Brady v. Maryland*, 373 U.S. 83 (1963), by failing to disclose David's pretrial statement identifying him; (3) the trial court erred in rejecting his request for a pretrial hearing on David's competency to testify, which caused him prejudice when David had an emotional breakdown in front of the jury; (4) the trial court

- 2 -

erred in imposing consecutive sentences for convictions arising from the same course of conduct and not informing him before trial that he could receive consecutive sentences; and (5) his appellate counsel was ineffective for failing to raise the preceding claims on direct appeal." 2020 IL App (1st) 181220, ¶ 7.

Because the trial court failed to rule on the petition within 90 days, the petition automatically advanced to the second stage of postconviction proceedings. Assistant Public Defender Denise Avant was appointed to represent petitioner in January 2015. On April 22, 2016, Avant filed a Rule 651(c) certificate representing that she had complied with the rule and that a supplemental petition was not necessary for the presentation of petitioner's claims.

¶ 7        The State filed a motion to dismiss on April 7, 2017, asserting that (1) the petition was time-barred and (2) petitioner failed to make a substantial showing of the denial of a constitutional right. Specifically, the State maintained that petitioner had forfeited his claims of trial error and that he had no meritorious claim that his direct appeal counsel was ineffective.

¶ 8        On August 4, 2017, after discussing the State's motion to dismiss with petitioner, Avant filed a response. The response argued that the late filing should be excused because the petition was merely a few weeks late. Avant filed an affidavit from petitioner, which attested that petitioner only had a tenth-grade education and that he was unfamiliar with the filing requirements of the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2014)). Before the hearing on the State's motion to dismiss, however, Avant left the public defender's office. Assistant Public Defender Christine Underwood was subsequently appointed and represented petitioner at the hearing on March 26, 2018. The trial court granted the State's motion to dismiss, and petitioner appealed.

¶ 9        On appeal, petitioner argued that he was entitled to a remand for further second-stage proceedings because Underwood did not demonstrate independent compliance with Rule 651(c). Petitioner made no argument that Avant had not complied with Rule 651(c)'s requirements. 2020 IL App (1st) 181220, ¶ 13. According to petitioner, Underwood—as the attorney who represented him at the hearing on the State's motion to dismiss—was also required to comply with Rule 651(c). *Id.*

¶ 10　　The appellate court concluded that neither the Act nor Rule 651(c) supported petitioner's argument. *Id.* ¶ 16. The court analogized Underwood's role to that of an attorney at the third stage of postconviction proceedings, given that all that was left for her to do was orally argue against the State's motion to dismiss. *Id.* ¶¶ 17-20. Underwood's role did not necessitate a duplicative undertaking of the Rule 651(c) responsibilities. *Id.* ¶ 20. Additionally, Avant's Rule 651(c) certificate created a rebuttable presumption that she had rendered reasonable assistance, and petitioner did not argue otherwise. *Id.* ¶ 19. The appellate court affirmed. *Id.* ¶ 26. We allowed petitioner's petition for leave to appeal. Ill. S. Ct. R. 315 (eff. Oct. 1, 2020).

¶ 11　　　　　　　　　　　　　　　　ANALYSIS

¶ 12　　At issue is whether each attorney that represents a postconviction petitioner at the second stage must demonstrate compliance with Rule 651(c)—even after petitioner's predecessor counsel had already filed a valid Rule 651(c) certificate giving rise to the presumption that there was compliance with the rule. "Because the question presented in this appeal concerns the proper interpretation of a supreme court rule, our review is *de novo*." *People v. Suarez*, 224 Ill. 2d 37, 41-42 (2007) (citing *People v. Henderson*, 217 Ill. 2d 449, 458 (2005)). "When interpreting our supreme court rules, we apply the same principles of construction applicable to statutes." *People v. Perkins*, 229 Ill. 2d 34, 41 (2007) (citing *People v. Roberts*, 214 Ill. 2d 106, 116 (2005)). We endeavor to ascertain and give effect to the drafters' intent, which is most reliably indicated by the language of the provision under consideration. See *In re Estate of Rennick*, 181 Ill. 2d 395, 404-05 (1998).

¶ 13　　As mentioned, our review pertains to matters that are unique to the second stage of postconviction proceedings. The Act "provides a remedy to criminal defendants who claim that substantial violations of their constitutional rights occurred at trial." *People v. Flores*, 153 Ill. 2d 264, 272 (1992) (citing *People v. Eddmonds*, 143 Ill. 2d 501, 510 (1991)). "At the second stage of postconviction proceedings, counsel may be appointed for defendant, if defendant is indigent." *People v. Pendleton*, 223 Ill. 2d 458, 472 (2006); see also 725 ILCS 5/122-4 (West 2018). "Once counsel is appointed for an indigent defendant, he or she is entitled only to the level of assistance guaranteed by the Act." (Emphasis omitted.) *People v. Greer*, 212 Ill. 2d

192, 204 (2004) (citing *People v. McNeal*, 194 Ill. 2d 135, 142 (2000)). This is because the right to counsel in postconviction proceedings is statutorily rather than constitutionally derived. *People v. Turner*, 187 Ill. 2d 406, 410 (1999); 725 ILCS 5/122-4 (West 2018). Furthermore, "[s]ection 122-4 of the Code of Criminal Procedure [citation] and Supreme Court Rule 651 together ensure that post-conviction petitioners in this State receive a reasonable level of assistance by counsel in post-conviction proceedings." *People v. Owens*, 139 Ill. 2d 351, 359 (1990).

¶ 14    Rule 651, "Appeals in Post-Conviction Proceedings," contains the pertinent subsection relevant to this appeal. Ill. S. Ct. R. 651(c) (eff. July 1, 2017). Subparagraph (c), "Record for Indigents; Appointment of Counsel," provides in relevant part:

> "The record filed in that court shall contain a showing, which may be made by the certificate of petitioner's attorney, that [(1)] the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, [(2)] has examined the record of the proceedings at the trial, and [(3)] has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." *Id.*

¶ 15    Petitioner asserts that Underwood did not file a Rule 651(c) certificate attesting that she fulfilled that rule's three requirements nor does a review of the record demonstrate the performance of those three obligations. See *People v. Lander*, 215 Ill. 2d 577, 584 (2005) (noting that "[t]he failure to file a certificate showing compliance with Rule 651(c) is harmless error if the record demonstrates that counsel adequately fulfilled the required duties"). Though Avant had filed a Rule 651(c) certificate before departing the public defender's office, petitioner maintains that Underwood needed to independently demonstrate compliance with Rule 651(c). This is so, according to petitioner, because of Rule 651(c)'s plain language and purpose. We begin with petitioner's arguments as to the plain language and purpose of Rule 651(c).

¶ 16                          Plain Language and Purpose of Rule 651(c)

¶ 17        Petitioner contends that Rule 651(c)—by its present-tense reference to "petitioner's attorney"—plainly demands that the attorney who "ultimately represents" a petitioner demonstrate compliance with Rule 651(c). According to petitioner, although Avant filed a Rule 651(c) certificate, it cannot be said that she was "petitioner's attorney" after she withdrew. At the time of the hearing on the State's motion to dismiss, Underwood was "petitioner's attorney" and thus needed to comply with Rule 651(c).

¶ 18        The State counters that the rule is unambiguous and does not state that once there has been a showing that the petitioner's attorney has completed the Rule 651(c) duties that every new attorney who subsequently appears must redo the same tasks and file a new certificate. According to the State, the rule refers to one "showing" by one "attorney." It is undisputed that Avant complied with Rule 651(c), and therefore the State concludes that petitioner has no valid claim that he did not receive the reasonable assistance of postconviction counsel.

¶ 19        We are not persuaded by petitioner's argument that Rule 651(c)'s present-tense reference to "petitioner's attorney" demands that every attorney who represents a postconviction petitioner at "the dispositive hearing" must show compliance with Rule 651(c). Avant *was* "petitioner's attorney" at the time petitioner's *pro se* claims needed to be shaped into the proper legal form. See *Owens*, 139 Ill. 2d at 365. Petitioner's argument improperly inserts language into the rule. Rule 651(c) does not reference the "dispositive hearing" or qualify that "petitioner's attorney" is the "attorney who ultimately represents petitioner at the dispositive hearing." See *People v. Daniels*, 172 Ill. 2d 154, 163 (1996) (stating that, "[w]hen the language of a statute or a supreme court rule is plain and unambiguous, courts will not read in exceptions, limitations, or other conditions"). Additionally, petitioner ignores that the plain language of the rule contemplates that "petitioner's attorney" make "any amendments to the petitions filed *pro se*"—not to a petition that was filed *pro se* and subsequently amended or not amended by previous postconviction counsel. See Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 20        Further, we find petitioner's plain language argument to be implicitly undermined by *People v. Marshall*, 375 Ill. App. 3d 670 (2007), which was relied upon by the appellate court below and is cited by the State. Relevant here, after the

petitioner's petition was dismissed after an evidentiary hearing, the petitioner argued that the dismissal should be reversed because the attorneys who represented her at the third stage did not comply with Rule 651(c), even though second-stage postconviction counsel had filed a Rule 651(c) certificate. *Id.* at 672. Similarly, the petitioner argued that, "for an appointed attorney to effectively represent a client at the third stage of postconviction proceedings, counsel must consult with the defendant and review the trial court record." *Id.* at 681. To address the petitioner's contention, the appellate court considered the petitioner's citation of another case, *People v. Rankins*, 277 Ill. App. 3d 561 (1996). *Marshall*, 375 Ill. App. 3d at 681.

¶ 21 In *Rankins*, after the court concluded that second-stage postconviction counsel did not file a certificate and that the record did not show compliance with the rule, the court went on to consider whether third-stage counsel met the requirements. *Rankins*, 277 Ill. App. 3d at 564. Based on the *Rankins* court's consideration of whether third-stage counsel met Rule 651(c) requirements, the petitioner in *Marshall* argued that compliance with Rule 651(c) was required of counsel at each stage. *Marshall*, 375 Ill. App. 3d at 682.

¶ 22 The *Marshall* court, however, distinguished *Rankins* on the basis that second-stage counsel did not comply with Rule 651(c). *Id.* The court also explained that

"*Rankins* supports the conclusion that Rule 651(c)'s requirements must be met only once and not, as defendant suggests, by attorneys representing a defendant at each stage of postconviction proceedings. *Rankins* illustrates that one postconviction attorney must comply with Rule 651(c), not that the process must be repeated at each level of postconviction proceedings." *Id.*

Furthermore, the court observed that, although Rule 651(c) does not explicitly state what stage of postconviction proceeding it pertains to, "the rule's purpose is to require appointed postconviction counsel to consult with the defendant to ascertain his claims of constitutional deprivation." *Id.* at 683. The Rule 651(c) tasks "are performed by counsel at the second stage of postconviction review *so that the State can fully review the defendant's claims and determine if it will move to dismiss them*." (Emphasis added.) *Id.* (citing *Pendleton*, 223 Ill. 2d at 472, and *People v. Fiedler*, 303 Ill. App. 3d 236, 238 (1999)). Finally, the court explained:

"Defendant's position that her third-stage postconviction counsel also must comply with Rule 651(c), even when the rule's requirements have been met at the previous stage, is illogical. An attorney at the evidentiary hearing stage must argue the merits of the postconviction petitioner's claims as presented in the petition following review by counsel at the second stage." *Id.*

¶ 23    The instant petitioner disputes the relevance of *Marshall*. According to petitioner, *Marshall* addressed a different issue—whether counsel who represents a petitioner at the third stage of proceedings is required to comply with Rule 651(c), even though second-stage counsel had previously met the rule's requirements.

¶ 24    We note that petitioner does not acknowledge that *Marshall* undermines her plain language argument. If, as petitioner argues, Rule 651(c)'s reference to "petitioner's attorney" means the attorney who is representing petitioner at present, the propriety of the *Marshall* decision—holding that a petitioner's third-stage counsel were not obliged to comply with the rule—would be called into doubt. As the *Marshall* court observed, Rule 651(c) does not explicitly state which stage of postconviction proceedings it controls. *Id.* Thus, the rule's present-tense use of the term "petitioner's attorney" would be absolutely controlling.

¶ 25    We reject petitioner's assertion that *Marshall* is undermined by this court's subsequent decision in *People v. Custer*, 2019 IL 123339. Petitioner observes that, there, this court stated that the limited duties required by Rule 651(c) "persist throughout the proceedings under the Act." *Id.* ¶ 32. Simply put, in *Custer*, this court did not consider or address the issue at hand. At issue in *Custer* was whether this court should extend *Krankel* procedures (see *People v. Krankel*, 102 Ill. 2d 181 (1984)) to the postconviction context where a petitioner claims unreasonable assistance of postconviction counsel. *Custer*, 2019 IL 123339, ¶ 1. We will not read a general statement that Rule 651(c) duties "persist throughout the proceedings under the Act" as decisively speaking to the distinct issue here and ignore the plain language of Rule 651(c). Our case law does not treat Rule 651(c) as the exclusive mechanism for ensuring reasonable assistance. See *Owens*, 139 Ill. 2d at 361 (stating that "section 122-4 of the [Act] and Rule 651 *together* ensure that post-conviction petitioners will receive a reasonable level of assistance" (emphasis added)); see also *People v. Anguiano*, 2013 IL App (1st) 113458, ¶ 37 (noting that

"[n]either *Turner* nor *Owens* suggests that the right to a reasonable level of assistance has been subsumed by Rule 651(c)").

¶ 26    Still, petitioner maintains that his position is the only one that does justice to the purpose of the rule—which he contends is to ensure that petitioners receive adequate representation such that their claims of constitutional deprivation are properly set forth. Without a certificate filed by the "petitioner's attorney," it cannot, according to petitioner, be presumed that counsel complied with Rule 651(c). Petitioner asserts that a postconviction counsel's consultation with a petitioner might reveal facts that could justify a late filing. Petitioner also argues that postconviction counsel may not make the necessary amendments to avoid forfeiture or waiver. Petitioner likewise maintains that, "more generally," a postconviction petitioner has a right to have an attorney who has consulted with the petitioner and who is familiar with the record and the claims.

¶ 27    In a similar vein, petitioner references the "realities of post-conviction proceedings" in support of his argument. Specifically, petitioner notes that postconviction petitioners routinely linger at the second stage for years. In turn, petitioner states that the law continuously evolves, such that a later-appointed attorney should be required to read the record and consult with the petitioner to adequately present the petitioner's claims under the law as it exists at the time of the second-stage hearing. According to petitioner, for example, if the State's motion to dismiss focuses on timeliness and new counsel does not comply with Rule 651(c), counsel might not realize that new law supports one of the petitioner's claims that should be brought to the court's attention.

¶ 28    The State counters that Rule 651(c) guarantees that postconviction counsel will "shape [a petitioner's] complaints into the proper legal form and *** present those complaints to the court." *Owens*, 139 Ill. 2d at 365. Once done, Rule 651(c)'s purpose has been satisfied. According to the State, the scope of postconviction counsel's duties at subsequent hearings turns on the requirement to provide reasonable representation—not on Rule 651(c)'s mandates. The State does not dispute petitioner's contention that petitions linger at the second stage but maintains that petitioner's position will inevitably delay the resolution of postconviction cases if new attorneys are required to duplicate the Rule 651(c) tasks. For example, the State notes that it took almost 16 months for Avant to carry out her Rule 651(c)

duties. Petitioner's proposed reading of Rule 651(c), in the State's view, would have delayed the disposition of the case months longer. As for "meritorious claims" that may be missed, the State asserts that Rule 651(c) does not require postconviction counsel to search for claims that are not presented in the *pro se* petition.

¶ 29    We agree with the State and the appellate court below. In the instant case, Avant complied with Rule 651(c)—which petitioner does not dispute—and the State already filed its motion to dismiss before Underwood took over representation. At that point, petitioner had consulted with appointed postconviction counsel, had the record of his trial proceedings examined by appointed postconviction counsel, and had appointed postconviction counsel determine whether any amendments were necessary "*to the petitions filed pro se* that [were] necessary for an adequate presentation of *petitioner's contentions*." (Emphases added.) Ill. S. Ct. R. 651(c) (eff. July 1, 2017). "Moreover, '[p]ost-conviction counsel is only required to investigate and properly present the *petitioner's* claims.' " (Emphasis in original.) *Pendleton*, 223 Ill. 2d at 472 (quoting *People v. Davis*, 156 Ill. 2d 149, 164 (1993)). By virtue of Avant filing a Rule 651(c) certificate, a rebuttable presumption arose that petitioner received reasonable assistance of postconviction counsel. See *People v. Profit*, 2012 IL App (1st) 101307, ¶ 19. Petitioner did not seek to rebut that presumption. Instead, petitioner attempts to attack Underwood's representation by arguing that Rule 651(c) compliance is required of all postconviction counsel who are appointed at the second stage. In the absence of any argument otherwise, we will not speculate that petitioner's claims were not sufficiently presented by Avant nor create a rule that would have required Underwood to do so either.

¶ 30    By virtue of Avant's presumptively reasonable representation and compliance with Rule 651(c), "all that was left to do was orally argue [petitioner's] position at the hearing on the State's motion to dismiss." 2020 IL App (1st) 181220, ¶ 20. Accordingly, like the appellate court, we find that Underwood's role was limited and different from Avant's role. Petitioner would have us treat Avant's filing of a Rule 651(c) certificate as a legal nullity. On one hand, if Avant had remained petitioner's counsel, there would be a rebuttable presumption he had received reasonable representation. Yet, on the other hand, because Avant left the public defender's office before the hearing on the State's motion to dismiss, petitioner

argues that we are required to presume the opposite. It is petitioner's argument that undermines Rule 651(c).

¶ 31 We also note the self-defeating nature of petitioner's assertions. According to petitioner, only compliance by the attorney who ultimately represents the petitioner at the second-stage hearing on the State's motion to dismiss guarantees adequate presentation of a *pro se* petitioner's claims. Yet, as petitioner observes, the hearing on the State's motion to dismiss took place nearly two years after Avant filed her Rule 651(c) certificate. Avant filed her Rule 651(c) certificate on April 22, 2016. The State requested time to review the petition and filed its motion to dismiss on April 7, 2017—nearly a year later. No one disputes that the law evolves every day. If Avant had remained petitioner's postconviction counsel, petitioner does not and cannot argue that she would have violated *Rule 651(c)* if she did not again undertake the tasks mandated by Rule 651(c) to ensure that petitioner's claims would be presented under the law as it existed at the time of the hearing—which took place on March 26, 2018.

¶ 32 Accordingly, we dismiss petitioner's argument that only Rule 651(c) compliance by postconviction counsel who "ultimately represents" the petitioner at the motion to dismiss "guarantees" adequate presentation of claims. Rule 651(c) itself imposes no timeframe in terms of how soon before the hearing on the State's motion to dismiss the certificate must be filed. See also *Turner*, 187 Ill. 2d at 411 (noting that there is nothing in the language of Rule 651(c) requiring "appointed counsel to consult with petitioner a certain number of times"). Furthermore, as the State notes, where private counsel is retained and files the postconviction petition, postconviction counsel need not comply with Rule 651(c) (*People v. Mitchell*, 189 Ill. 2d 312, 358 (2000)) but must still perform reasonably (*Anguiano*, 2013 IL App (1st) 113458, ¶¶ 25-31). See also *Mitchell*, 189 Ill. 2d at 358 (holding that, because the defendant did not file a *pro se* petition, his attorneys could not have violated the provision of Rule 651(c), which requires "counsel to affirm that he 'has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions' " (quoting Ill. S. Ct. R. 651(c) (eff. Dec. 1, 1984))). Though not determinative to our analysis, we note that, at the time Underwood took over representation, it is inaccurate to characterize petitioner's petition as simply existing in its original, *pro se* form. See *People v. Richmond*, 188 Ill. 2d 376, 382 (1999) (stating that "[n]o less than appointed counsel, retained

counsel should have the same duties in these circumstances to consult with the defendant, to examine the record of the trial proceedings, and to make any necessary amendments *to the original,* pro se *petition*" (emphasis added)). Stated differently, here, it cannot be said that Underwood was undertaking representation on the "original" *pro se* petition filed by petitioner (see *id.*), where Avant had already undertaken the Rule 651(c) requirements and thus ascertained whether any amendments were necessary to shape petitioner's complaints into the proper legal form (see *Owens*, 139 Ill. 2d at 365; see also *Turner*, 187 Ill. 2d at 411 (noting that "Rule 651(c) does require that appointed counsel consult with petitioner to ascertain his constitutional claims, but there is no reason as a matter of law why this cannot be accomplished in one meeting with defendant")).

¶ 33    We also note the waste of state resources that would result if we were to adopt petitioner's reading of Rule 651(c). As mentioned, it took the State almost a year to review petitioner's petition and file its motion to dismiss. Petitioner's argument would prejudice the State as it would also—like subsequent postconviction counsel—be required to "start over" and respond to a potentially modified petition. Adopting petitioner's argument would quite simply prolong the postconviction process for ideational reasons that are not present in the instant case.

¶ 34    Next, petitioner analogizes the necessity of filing a Rule 651(c) certificate to that of a Rule 604(d) certificate. Rule 604(d) provides that, in the event that a defendant moves to withdraw his guilty plea or to reconsider the sentence imposed following the plea, the defendant's attorney

> "shall file with the trial court a certificate stating that the attorney has consulted with the defendant *** to ascertain defendant's contentions of error in the sentence and the entry of the plea of guilty, has examined the trial court file and both the report of proceedings of the plea of guilty and the report of proceedings in the sentencing hearing, and has made any amendments to the motion necessary for adequate presentation of any defects in those proceedings." Ill. S. Ct. R. 604(d) (eff. July 1, 2017).

Petitioner adds that case law holds that the attorney who represents a defendant at such a hearing may not rely on a Rule 604(d) certificate filed by an attorney who no longer represents the defendant. See, *e.g.*, *People v. Ritchie*, 258 Ill. App. 3d 164, 165-66 (1994); *People v. Herrera*, 2012 IL App (2d) 110009. According to

petitioner, the purpose of each certificate is to ensure "adequate" representation. Petitioner disputes the instant appellate court determination that, because an attorney who must file a Rule 604(d) certificate is subject to the higher standard of effective assistance of counsel, Rule 604(d) case law is inapposite. See 2020 IL App (1st) 181220, ¶¶ 21-23. Petitioner maintains that the difference between effective and reasonable assistance is the scope of representation, not its competence. Though counsel's scope of representation in the postconviction context is narrower, it still must be competent.

¶ 35    We need not address the propriety of the *Ritchie* or *Herrera* decisions to conclude that a Rule 651(c) certificate is distinguishable from a Rule 604(d) certificate. Petitioner attempts to muddle the distinction between reasonable and effective assistance by collectively referring to each as "adequate" assistance. This court has been very clear that the standard of reasonable assistance is "significantly lower than the [standard] mandated at trial by our state and federal constitutions." *Custer*, 2019 IL 123339, ¶ 30; 2020 IL App (1st) 181220, ¶ 22. Additionally, as observed by the State, Rule 604(d)'s purpose "is to ensure that any errors that may have resulted in a guilty plea and subsequent sentence are brought to the attention of the circuit court *before appeal, while memories are fresh and witnesses are available*." (Emphasis added.) *People v. Gorss*, 2022 IL 126464, ¶ 15. By contrast, Rule 651(c) lacks the same caliber of critically time-sensitive considerations that are attendant to withdrawal of a guilty plea or reconsideration of a sentence imposed following the plea. Accordingly, petitioner fails to set forth a compelling argument to overcome the significantly different contexts and standards between Rule 604(d) and Rule 651(c) to support his contention.

¶ 36    Finally, we reject petitioner's argument that not requiring the attorney who ultimately represents a petitioner to comply with Rule 651(c) deprives the petitioner of the ability to rebut the presumption created by the previous attorney. According to petitioner, the record that could rebut Rule 651(c) compliance can include (1) any supplemental or amended petitions and (2) counsel's argument at the second-stage hearing. For example, petitioner notes that, in *People v. Landa*, the appellate court found that what petitioner characterizes as counsel's insufficient argument at the hearing on the State's motion to dismiss partially rebutted the presumption of Rule 651(c). 2020 IL App (1st) 170851, ¶¶ 60, 65. Because postconviction counsel is not required to file an amended or supplemental petition, petitioner asserts that the only

- 13 -

aspect of counsel's performance that is mandatory and thus can be used to rebut compliance is counsel's argument at the hearing. However, as Avant did not argue at the hearing, petitioner claims he is deprived of the record that he could use to rebut the presumption that earlier counsel complied with Rule 651(c).

¶ 37     *Landa* instead involved a much different set of facts. For example, among other failings, postconviction counsel failed to notarize the petitioner's detailed evidentiary affidavit that was in turn supported by other affidavits, did not file a response to the State's motion to dismiss, and "fail[ed] to make any argument at all, when there were compelling arguments to be made" at the hearing on the State's motion to dismiss. *Id.* ¶¶ 59-70. Again, where petitioner presents us with no reason to doubt Avant's compliance with Rule 651(c) or Underwood's performance at the hearing, we entertain this argument no further.

¶ 38     We stress that if postconviction counsel performs unreasonably—even after a presumption has arisen that there has been compliance with Rule 651(c)—postconviction petitioners are not foreclosed from pursuing a claim that counsel failed to provide a reasonable standard of representation. See *People v. Cotto*, 2016 IL 119006, ¶ 41; *Landa*, 2020 IL App (1st) 170851, ¶ 74; *People v. Pabello*, 2019 IL App (2d) 170867, ¶ 23. Because we conclude that Underwood was not required to independently demonstrate compliance with Rule 651(c) when all that remained for her to do upon assuming the role of second-stage postconviction counsel was orally argue against the State's motion to dismiss, we need not address the State's argument that petitioner failed to demonstrate that postconviction counsel performed unreasonably or that he was prejudiced. We affirm the judgment of the appellate court.

¶ 39                                   CONCLUSION

¶ 40     For the foregoing reasons, petitioner is not entitled to a remand for further second-stage proceedings.

¶ 41     Judgments affirmed.