NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2024 IL App (4th) 230888-U

NO. 4-23-0888

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
November 4, 2024
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
|     Plaintiff-Appellee, | ) | Circuit Court of |
|     v. | ) | McDonough County |
| JOSEPH K. SIMPSON, | ) | No. 20CF56 |
|     Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | Curtis S. Lane, |
| | ) | Judge Presiding. |

JUSTICE DeARMOND delivered the judgment of the court.
Justices Zenoff and Doherty concurred in the judgment.

**ORDER**

¶ 1    *Held*:    The appellate court affirmed, holding defendant failed to rebut the presumption of reasonable assistance established by postconviction counsel's facially valid Illinois Supreme Court Rule 651(c) (eff. July 1, 2017) certificate.

¶ 2    Following a bench trial, defendant, Joseph K. Simpson, was found guilty of unlawful restraint (720 ILCS 5/10-3 (West 2020)) and domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)). The trial court sentenced him to terms of four years and one year in prison, respectively. Defendant's convictions were affirmed on direct appeal. *People v. Simpson*, No. 4-22-0251 (Nov. 14, 2022) (unpublished order under Illinois Supreme Court Rule 23(c)).

¶ 3    While his direct appeal was pending, defendant filed a *pro se* petition seeking relief under the Post-Conviction Hearing Act (Act) (725 ILCS 5/122-1 *et seq.* (West 2022)). The trial court advanced defendant's petition to the second stage of postconviction proceedings and appointed counsel to represent him. The court subsequently granted the State's motion to dismiss

the petition. Defendant appeals, arguing this matter must be remanded for further proceedings because his appointed counsel failed to comply with Illinois Supreme Court Rule 651(c) (eff. July 1, 2017). For the following reasons, we affirm.

¶ 4                                                    I. BACKGROUND

¶ 5         In August 2021, defendant was charged in an amended information with one count of unlawful restraint (720 ILCS 5/10-3 (West 2020)) and one count of domestic battery (720 ILCS 5/12-3.2(a)(1) (West 2020)).

¶ 6         At defendant's bench trial, Rachele Simpson testified she and defendant were married. On February 24, 2020, they began drinking "[p]robably as soon as [they] woke up" and, when they got hungry, defendant drove them to a Hardee's restaurant in Bushnell, Illinois. They had been arguing on the way to the restaurant. After they purchased food and while they were inside the car in the parking lot, defendant punched her in the face. When she tried to get out of the car, defendant pulled her back inside by her shirt. She screamed for help, but defendant continued hitting her as he drove out of the parking lot. Defendant stopped hitting her when she took the keys from the ignition and threw them out of the car.

¶ 7         After the car stopped, Rachele got out and ran toward a house. She was not wearing a shirt because defendant had pulled it off when she was exiting the car. She ran to a nearby house where a woman answered the door, let her inside, gave her a sweatshirt, and called the police. The police arrived and arrested defendant. Rachele testified she suffered a bruised face and a "busted" mouth in the incident.

¶ 8         Kesia Lynch testified she was sitting at a drive-through window at a restaurant across the street from Hardee's when she heard a scream and observed two people fighting inside a car. The passenger-side door of the car was open and a woman had partially exited before being

pulled back inside by a man, who was driving. Lynch observed the occupants of the car hitting each other as the car proceeded out of the parking lot and down the street with the passenger-side door still open.

¶ 9    Joanne Dahmm testified she was on her porch when she saw a young woman screaming for help inside a moving car with the front passenger-side door open. When the car stopped, the woman got out, came toward her, and stated "he had hit her in the face." The woman was crying and the left side of her face was red. Dahmm took the woman into her house and gave her a sweatshirt before the police arrived.

¶ 10    Bushnell police officer Justin Hood testified Rachele was very upset when he arrived and spoke with her. Hood observed bruises on Rachele's forehead and on one of her eyes or her cheek. She also had a cut on the inside of her lip, but it had stopped bleeding. Hood arrested defendant. He also took two photographs of Rachele's face, which were admitted into evidence without objection.

¶ 11    Defendant testified he and Rachele went to Bushnell to run errands. They only began arguing when they arrived at Hardee's and Rachele became angry because defendant said they could not visit some people at their apartment. At that point, defendant drove away from Hardee's without getting food and Rachele attempted to jump out of the car. Defendant tried to pull Rachele back into the car by her shirt. She then took her shirt off and threw it in the back seat of the car. Eventually, she took the keys from the ignition. After the car stopped, Rachele got out, walked up to a house, and spoke to a woman on the porch. Defendant denied drinking or hitting Rachele.

¶ 12    Based on the evidence, the trial court found defendant guilty of both charges. Defendant subsequently filed a *pro se* "Motion to Appeal," alleging he received ineffective

assistance of counsel at trial. At the pre-*Krankel* hearing (see *People v. Krankel*, 102 Ill. 2d 181, 464 N.E.2d 1045 (1984)), defendant asserted his trial counsel only received black and white photographs of Rachele's alleged injuries in discovery, and counsel failed to object when the State sought to admit color photographs showing bruising on Rachele's cheek at trial. The court found defendant's claim lacked merit, explaining the color photographs would have been admitted into evidence even if counsel had objected. The court, therefore, declined to appoint defendant a new attorney for a *Krankel* hearing. Following a sentencing hearing, the court sentenced defendant to four years' imprisonment for unlawful restraint and one year of imprisonment for domestic battery.

¶ 13        On direct appeal, defendant contended (1) his trial counsel was ineffective for failing to raise a hearsay objection when Dahmm testified Rachele stated defendant hit her in the face and (2) the trial court failed to conduct an adequate preliminary *Krankel* inquiry. *Simpson*, No. 4-22-0251 (Nov. 14, 2022) (unpublished order under Illinois Supreme Court Rule 23(c)). This court rejected both of defendant's claims and affirmed the trial court's judgment.

¶ 14        While his direct appeal was pending, defendant filed the *pro se* postconviction petition at issue in this case. In his petition, defendant alleged his trial counsel was ineffective for (1) failing to ask for a continuance after discovering the State intended to introduce color photographs at trial when only black and white photographs were tendered in discovery, (2) failing to object when the color photographs were admitted into evidence, (3) failing to call defendant's father and brother to testify they did not observe any injuries to Rachele after the incident and failing to obtain camera footage showing she had no facial injuries, and (4) failing to bring Rachele's relationships with the State and law enforcement to the trial court's attention. Defendant also alleged the State "knowingly withheld the truth to obtain an unfair advantage

- 4 -

over [him] by altering the photographs to black-and-white" and introduced perjured testimony by Rachele. Finally, defendant alleged a claim of actual innocence, claiming Rachele "caused the scene at the Hardee's parking lot to influence the arrival of police, and than [*sic*] applied make-up to her face pretending to be injured."

¶ 15 The trial court found the claims alleged in defendant's petition presented an arguable basis in law and fact. The court, therefore, advanced the petition to the second stage of postconviction proceedings and appointed counsel to represent defendant.

¶ 16 On May 11, 2023, defendant's appointed postconviction counsel filed a Rule 651(c) certificate, asserting she had (1) consulted with defendant by telephone and in person to ascertain his contentions of deprivation of his constitutional rights, (2) examined the record of proceedings, (3) reviewed the appellate court's decision on direct appeal, and (4) concluded "no amendments to [defendant's] *pro se* post-conviction petition would result in a post-conviction petition that would adequately assert a contention of deprivation of [defendant's] constitutional rights."

¶ 17 Along with her Rule 651(c) certificate, counsel filed a motion to withdraw as postconviction counsel. In her motion, counsel asserted she had determined defendant's *pro se* petition was without merit, she could not identify any nonfrivolous claims, and her ethical obligations prohibited her from continuing her representation of defendant. Counsel also noted her communication with defendant had broken down and defendant had "indicated to this Court and to the Illinois Attorney Registration and Disciplinary Commission (ARDC) that [she] made certain statements to him during [her] representation of him."

¶ 18 At the hearing on counsel's motion to withdraw, the trial court asked defendant whether he had reported counsel to the ARDC, as alleged in the motion. After defendant

acknowledged he had done so, the court allowed counsel's motion to withdraw, stating, "[C]learly, this would be a conflict." The court appointed new counsel to represent defendant.

¶ 19    At a subsequent status hearing, defendant's second appointed counsel stated he had met with defendant and did not intend to file an amended petition. The State filed a motion to dismiss the petition, asserting defendant's allegations of ineffective assistance of counsel were barred by *res judicata* because they were addressed on direct appeal and defendant failed to present newly discovered evidence to support his claim of actual innocence.

¶ 20    On September 20, 2023, the trial court conducted a hearing on the State's motion to dismiss. Defendant's new counsel provided argument on the claims raised in defendant's petition and concluded the petition presented valid claims not barred by *res judicata*.

¶ 21    In addressing the State's motion to dismiss, the trial court found a majority of defendant's claims were barred by *res judicata* because they were considered on direct appeal. The remaining claims in the petition lacked merit. Accordingly, the court granted the State's motion to dismiss the petition.

¶ 22    This appeal followed.

¶ 23                    II. ANALYSIS

¶ 24    On appeal, defendant argues this matter must be remanded for further proceedings because his appointed postconviction attorneys failed to comply with Rule 651(c). According to defendant, the presumption of reasonable assistance created by his first appointed counsel's Rule 651(c) certificate was rebutted or nullified because she was working under a conflict of interest. Defendant's second appointed counsel failed to file a Rule 651(c) certificate, and the record does not otherwise establish his compliance with the rule. Defendant, therefore, contends this case must be remanded for compliance with Rule 651(c).

¶ 25　　　　Relying on *People v. Smith*, 2022 IL 126940, 210 N.E.3d 1240, the State responds the Rule 651(c) certificate filed by defendant's first appointed counsel established a presumption of reasonable assistance, which carries over to any future appointed counsel. After defendant's first appointed counsel established presumptively reasonable assistance through compliance with Rule 651(c), the only remaining requirement was orally arguing defendant's claims at the hearing on the State's motion to dismiss. The State maintains any issue created by the conflict of interest with defendant's first appointed counsel was resolved by the appointment of new counsel. The State argues this court should reject defendant's argument the conflict of interest rebutted the presumption of reasonable assistance created by counsel's facially valid Rule 651(c) certificate.

¶ 26　　　　Under the Act, a criminal defendant may claim, "in the proceedings which resulted in his or her conviction[,] there was a substantial denial of his or her rights under the Constitution of the United States or of the State of Illinois or both." 725 ILCS 5/122-1(a)(1) (West 2022). The Act provides a three-stage process for adjudicating postconviction petitions. *People v. Buffer*, 2019 IL 122327, ¶ 45, 137 N.E.2d 763. At the first stage, the trial court reviews the petition independently within 90 days of filing and may summarily dismiss the petition if it is frivolous or patently without merit. *People v. Pendleton*, 223 Ill. 2d 458, 472, 861 N.E.2d 999, 1007 (2006). If the petition is not summarily dismissed as frivolous or patently without merit, it must be docketed for further consideration at the second stage of the proceedings. *Pendleton*, 223 Ill. 2d at 472.

¶ 27　　　　At the second stage of postconviction proceedings, the trial court may appoint counsel to represent an indigent defendant, and the State may file responsive pleadings. *People v. House*, 2021 IL 125124, ¶ 17, 185 N.E.3d 1234. The defendant's petition will be dismissed if it fails to make a substantial showing of a constitutional violation, but when such a showing is

made, the petition is advanced to a third-stage evidentiary hearing. *People v. Johnson*, 2018 IL 122227, ¶ 15, 123 N.E.3d 1083.

¶ 28　　　　　　In postconviction proceedings, criminal defendants do not have a constitutional right to the assistance of counsel. *People v. Custer*, 2019 IL 123339, ¶ 30, 155 N.E.3d 374. Rather, the right to counsel is provided solely by the Act as a matter of "legislative grace." *People v. Porter*, 122 Ill. 2d 64, 72, 521 N.E.2d 1158, 1161 (1988). Under the Act, postconviction defendants are entitled to a reasonable level of assistance. *Johnson*, 2018 IL 122227, ¶ 16. To ensure postconviction defendants receive reasonable assistance, Rule 651(c) provides:

> "The record *** shall contain a showing, which may be made by the certificate of petitioner's attorney, that the attorney has consulted with petitioner by phone, mail, electronic means or in person to ascertain his or her contentions of deprivation of constitutional rights, has examined the record of the proceedings at the trial, and has made any amendments to the petitions filed *pro se* that are necessary for an adequate presentation of petitioner's contentions." Ill. S. Ct. R. 651(c) (eff. July 1, 2017).

¶ 29　　　　　　Compliance with Rule 651(c) is mandatory, but postconviction counsel's certificate of compliance creates a rebuttable presumption of reasonable assistance. *People v. Addison*, 2023 IL 127119, ¶ 21, 217 N.E.3d 1011. The defendant bears the burden of rebutting the presumption of reasonable assistance by showing postconviction counsel did not substantially comply with the requirements of the rule. *Addison*, 2023 IL 127119, ¶ 21. We review *de novo* whether postconviction counsel complied with Rule 651(c). *People v. Mason*, 2016 IL App (4th) 140517, ¶ 19, 56 N.E.3d 1141.

¶ 30      Citing *Smith*, the State contends the Rule 651(c) certificate filed by defendant's first appointed counsel established a presumption of reasonable assistance, and his second appointed counsel was not also required to comply with the rule. In *Smith*, an assistant public defender was appointed to represent the defendant after his *pro se* petition was advanced to the second stage of postconviction proceedings. *Smith*, 2022 IL 126940, ¶ 6. Counsel filed a Rule 651(c) certificate asserting she had complied with the rule and a supplemental petition was not necessary for presentation of the defendant's claims. *Smith*, 2022 IL 126940, ¶ 6. The State filed a motion to dismiss, and counsel filed a response to the motion. *Smith*, 2022 IL 126940, ¶¶ 7-8. Before the hearing on the motion to dismiss, counsel left the public defender's office, and another assistant public defender was appointed to represent the defendant. *Smith*, 2022 IL 126940, ¶ 8. Following a hearing, the trial court granted the State's motion to dismiss the defendant's petition. *Smith*, 2022 IL 126940, ¶ 8.

¶ 31      On appeal, the supreme court considered whether the defendant's second postconviction counsel was required to independently demonstrate compliance with Rule 651(c), after the defendant's first postconviction counsel had filed a valid Rule 651(c) certificate establishing a presumption of compliance with the rule. *Smith*, 2022 IL 126940, ¶ 12. The court held, because the defendant's first appointed counsel had already met the requirements of Rule 651(c), the only task left for his second appointed counsel was to orally argue the defendant's position at the hearing on the State's motion to dismiss. *Smith*, 2022 IL 126940, ¶ 30. The court, therefore, rejected the defendant's claim his second appointed counsel was also required to independently demonstrate compliance with Rule 651(c). *Smith*, 2022 IL 126940, ¶ 38.

¶ 32      In accordance with *Smith*, although defendant's second appointed counsel did not independently demonstrate compliance with Rule 651(c) in this case, compliance may be

established based on the Rule 651(c) certificate filed by defendant's first appointed counsel. It is well-established " '[t]he filing of a facially valid Rule 651(c) certificate creates a rebuttable presumption that counsel acted reasonably and complied with the rule.' " *People v. Beasley*, 2017 IL App (4th) 150291, ¶ 39, 85 N.E.3d 568 (quoting *People v. Wallace*, 2016 IL App (1st) 142758, ¶ 25, 67 N.E.3d 976). The Rule 651(c) certificate filed by defendant's first appointed counsel was facially valid and satisfied all the requirements of the rule.

¶ 33     Defendant acknowledges the Rule 651(c) certificate filed by his first appointed counsel established a rebuttable presumption of reasonable assistance, but he argues the presumption was nullified or rebutted because his complaint to the ARDC created a conflict of interest with counsel. Defendant argues *Smith* is distinguishable because that case involved an attorney withdrawing because she left the public defender's office, not because of a conflict of interest. Citing *People v. Hardin*, 217 Ill. 2d 289, 300, 840 N.E.2d 1205, 1212 (2005), defendant notes, "The right to reasonable assistance of postconviction counsel includes the correlative right to conflict-free representation." Defendant insists his second appointed attorney was required to independently demonstrate compliance with Rule 651(c) because his first appointed counsel was acting under a conflict of interest.

¶ 34     Contrary to defendant's argument, we do not believe any conflict of interest created by defendant's complaint to the ARDC rebuts the presumption of reasonable assistance and compliance with Rule 651(c) in this case. A careful reading of counsel's motion to withdraw as postconviction counsel reveals it was not based on defendant's report to the ARDC. In her motion, counsel provided a thorough explanation of defendant's claims, and she concluded the claims were frivolous. It is only in a paragraph at the end of her motion, labeled "Communication breakdown," where counsel asserted defendant "indicated to [the trial court and

- 10 -

the ARDC] that [she] made certain statements to him during [her] representation of him; [defendant's] claims about what [she] has said are inaccurate." From this, counsel concluded she "has been unable to effectively communicate to [defendant her] assessment of his case, despite two lengthy attempts to do so."

¶ 35 According to counsel's motion, her primary reason for withdrawing was her assessment defendant's petition lacked any arguable merit and she was unable to communicate with him, not any potential conflict of interest. Counsel noted defendant's report to the ARDC to emphasize the breakdown in communication between herself and defendant.

¶ 36 Importantly, counsel's Rule 651(c) certificate satisfies all the requirements of the rule. Counsel asserted she "consulted with [defendant] by telephone and in person for a total of at least three hours to ascertain his contentions of deprivation of constitutional rights," examined the record of proceedings, and concluded no amendments would result in a meritorious constitutional claim. Defendant does not claim the Rule 651(c) certificate was deficient in any way. Defendant's complaint to the ARDC, whenever it occurred, does not undermine counsel's certification that she completed the requirements of the rule.

¶ 37 Further, the record suggests defendant's complaint to the ARDC may have been calculated to obtain new counsel by creating a conflict of interest. The record shows, at the first appearance after she was appointed, counsel informed the trial court she and defendant had a "difference of opinion," and he had asked her to withdraw. The court informed defendant it would not appoint another attorney if counsel withdrew but, instead, defendant would have to hire an attorney or represent himself. At some point following the first appearance, defendant created the conflict by filing a complaint with the ARDC. After the conflict of interest was discussed at the subsequent hearing where counsel sought to withdraw, the court elected to

appoint another attorney for defendant. It is not unreasonable for us to conclude, given his understanding a new attorney would not likely be appointed absent changed circumstances, defendant may have filed the ARDC complaint in an attempt to replace an attorney who found his claims to be baseless and was ethically bound to say so. In any event, based on the facts of this case, we find any conflict of interest created solely by defendant's actions did not rebut or nullify the presumption of reasonable assistance established by his first appointed counsel's facially valid Rule 651(c) certificate.

¶ 38      *Smith* tells us, after a presumption of compliance has been established by postconviction counsel's valid Rule 651(c) certificate, subsequently appointed attorneys are not required to repeat compliance with the rule. *Smith*, 2022 IL 126940, ¶¶ 30, 38. Here, we find a facially valid Rule 651(c) certificate filed by his first appointed counsel satisfied the requirements of the rule and established a presumption of reasonable assistance. As we noted above, defendant does not point to any deficiency in the certificate, but simply contends a second certificate was required. Based on this record, we find defendant has failed to rebut the presumption created by the facially valid Rule 651(c) certificate filed by his first appointed counsel.

¶ 39      Of course, defendant was still entitled to reasonable assistance after the trial court appointed a replacement to represent him. See *People v. Urzua*, 2023 IL 127789, ¶ 57, 226 N.E.3d 1182 ("[A]t all stages of postconviction proceedings, defendants are entitled to a reasonable level of attorney assistance."). Defendant did not object when his second appointed counsel expressed his intention to file no amendments to the petition but planned to respond to the State's motion to dismiss at the hearing. At the hearing, defendant's counsel provided substantial argument on defendant's claims, including arguing they were not barred by

*res judicata*. Defendant has expressed no dissatisfaction with the representation provided by his second appointed counsel at the hearing on the State's motion to dismiss or outlined any claims or issues counsel should have better addressed. "Moreover, '[p]ost-conviction counsel is only required to investigate and properly present the *petitioner's* claims.' " (Emphasis in original.) *Smith*, 2022 IL 126940, ¶ 29.

¶ 40        Under the Act, postconviction petitioners are only entitled to a reasonable level of assistance, "a standard that is significantly lower than the one mandated at trial by our state and federal constitutions." *Custer*, 2019 IL 123339, ¶ 30. The totality of the circumstances may be considered when evaluating the reasonableness of postconviction counsel's representation. *People v. Turner*, 187 Ill. 2d 406, 414, 719 N.E.2d 725, 730 (1999). In this case, the facially valid Rule 651(c) certificate filed by defendant's first appointed counsel established a rebuttable presumption of reasonable assistance and compliance with the rule. Based on the totality of the circumstances, we conclude defendant has failed to carry his burden of rebutting the presumption.

¶ 41                                III. CONCLUSION

¶ 42        For the reasons stated, we affirm the trial court's judgment.

¶ 43        Affirmed.